KNEELAND J. MONSON AND OTHERS *vs.* JOHN P. HAWLEY.

An attorney, under a general retainer to collect a claim by suit, has power to release from attachment the property of the debtor attached in the suit.

BILL for an injunction against the sale on an execution of certain bank stock levied on.

The respondent, in a suit against Nathaniel B. Stevens and others, had attached fifty shares of the stock of the Norfolk Bank belonging to Stevens, being the only property attached. While the suit was pending, Stevens, being desirous to liberate the stock that he might dispose of it, applied to the attorney of the respondent, who had instituted the suit and directed the attachment, and who was his attorney of record, to allow him to substitute other property for the stock, and it was agreed between them that the bank stock should be released and stock of a manufacturing company known as the Empire Company, to the amount at par of $6,800, and then of more value than the bank stock, should be substituted for it. Stevens thereupon delivered to the attorney a certificate for the stock, with a written stipulation that the officer's return upon the writ might be amended by inserting the Empire stock in the place of the bank stock as having been attached, and that he would take no advantage of the irregularity of the proceeding. They then went together to the Norfolk Bank, where the attorney obtained from the cashier the copy of the writ left by the officer in making the attachment, and struck out from the officer's endorsement the bank stock described in it and inserted the Empire stock in its place, and informed the cashier that Stevens could now transfer his stock. These acts of the attorney were done in entire good faith, but without consulting the respondent, the plaintiff in the suit. At this time but sixty per cent had been paid in on the bank stock, but Stevens paid up the balance, and soon after transferred the stock to sundry parties, who paid a full consideration for it, and supposed that Stevens had an unencumbered title to it. The bank, supposing the attachment to be released, gave

certificates of the stock to the purchasers. The respondent afterwards obtained judgment in his suit against Stevens and others for $2,170 damages and $87.69 costs. Before he obtained judgment, Stevens, who was in good credit at the time of the arrangement, had became insolvent, and the Empire company stock had become of little or no value. The other defendants in the suit were also insolvent. The respondent took out execution on his judgment, and had it levied on the fifty shares of the bank stock attached, and the present petition was brought by the parties who purchased the stock, for an injunction against the sale of it on the execution.

On these facts the case was reserved for the advice of this court.

*G. M. Woodruff* and *G. C. Woodruff*, for the petitioners.

The attorney in this case had power to release the bank stock. An attorney under a general retainer in a suit has unlimited authority over the suit. The only limitation upon his authority is as to the cause of action, which he may not discharge without payment. Story on Agency, § 24. Bac. Ab. *Attorney, D. Burr* v. *Atwood*, Salk., 89. *Filmer* v. *Delber*, 3 Taunt., 486. *Brackett* v. *Norton*, 4 Conn., 517. *Derwort* v. *Loomer*, 21 id., 245. *Pierce* v. *Strickland*, 2 Story, 292. *Willis* v. *Crooker*, 1 Pick., 204. *Fairfield* v. *Baldwin*, 12 id., 388. *Denton* v. *Noyes*, 6 Johns., 296. *Kellogg* v. *Gilbert*, 10 id., 219. *Kellogg* v. *Griffin*, 17 id., 274. *Gaillard* v. *Smart*, 6 Cowen, 385. *Gorham* v. *Gale*, 7 id., 739. *Averill* v. *Williams*, 4 Denio, 295. *Jenney* v. *Delesdernier*, 20 Maine, 183. *Albertson* v. *Goldsby*, 28 Ala., 711. *Nelson* v. *Cook*, 19 Ill., 440. *Hughes* v. *Hollinsworth*, 1 Murph., 146. *People* v. *Mayor &c. of New York*, 11 Abbott Prac. R., 66.

*Hall*, with whom were *Goodwin* and *Peck*, for the respondent.

The attorney had no power to release the bank stock. The authority of an attorney is limited to acts necessary to or con-

nected with the conduct of the cause in which he is retained, and he has no power to release or impair the security held by his client, even though it be security obtained by attachment in the suit. Such a power is not necessary to the management of the cause, and it is against good policy to allow it. *Tankersly* v. *Anderson*, 4 Dessau., 45. *Terhune* v. *Colton*, 2 Stock. Ch., 21. *Banks* v. *Evans*, 10 Sm. & Marsh., 35. *Benedict* v. *Smith*, 10 Paige, 126. *Wilson* v. *Jennings*, 3 Ohio S. R., 528. *Smock* v. *Dade*, 5 Rand., 639. *Vail* v. *Jackson*, 15 Verm., 314. *Crary* v. *Turner*, 6 Johns., 51. *Jackson* v. *Bartlett*, 8 id., 361. *Kellogg* v. *Gilbert*, 10 id., 220. *Lewis* v. *Gamage*, 1 Pick., 347. *Shores* v. *Caswell*, 13 Met., 413. *Doub* v. *Barnes*, 1 Maryl. Ch. Dec., 127. *Givens* v. *Briscoe*, 3 J. J. Marsh., 534. *Springer* v. *Whipple*, 17 Maine, 351. *Bowne* v. *Hyde*, 6 Barb., 392. *Quarles* v. *Thompson*, 12 Missouri, 76. *Nolan* v. *Jackson*, 16 Ill., 272. *Lockhart* v. *Wyatt*, 10 Ala., 231. *Holbert* v. *Montgomery's Adm'rs*, 5 Dana, 11.

HINMAN, J. The plaintiffs are entitled to the relief prayed for, provided the defendant's attorney had power to release the lien acquired by the attachment on taking other security as stated in the finding. This is admitted. The question therefore is as to the power of an attorney who, under a general retainer, is employed to commence and prosecute to final judgment and execution, and to collect, a claim for damages arising on a breach of a contract for the delivery of property. The act of the attorney in this instance was done in perfect good faith, and at the time appeared to be for the benefit of the attaching creditor, as the property substituted for the stock first attached was at that time of more value than the stock itself. The plaintiffs also are in the condition of *bona fide* purchasers of the stock supposed to be released from the attachment, having paid a full consideration for its value at the time they purchased it, which embraced the installments, forty per cent, which had been paid in by Stevens after the release of the stock, without notice of any outstanding lien or claim upon it. Under such circumstances their equitable claim to the stock is very strong. Still, if the attorney had no legal power to

release the attachment, perhaps the equitable claim of the defendant would be equally strong, and having a better legal right to the stock, he would be permitted to retain it. What then is the power of an attorney over property attached by him on a claim which he is employed to collect? Was the act of the attorney here fairly within the scope of his authority? He might in the first instance have attached the property which he attempted to substitute for that which he did attach, and, if the defendant in that suit had requested it, it would have been his duty to do so, because his only object was to get security for the claim, and in doing this he was bound to consult the wishes and convenience of the debtor so far as was consistent with his object. But if he had power to direct with regard to the attachment of property in the first instance, why should he not have the power of substitution at the request of the defendant? It has been held that he has power to waive a default in certain cases, even contrary to his client's instructions. He has power to direct the sheriff as to the manner of enforcing an execution. He may discontinue a suit, release bail, and in Maine it has been held that he may modify an attachment and discharge a lien created by it. *Anonymous*, 1 Wend., 108. *Williams* v. *Eldridge*, 1 Hill, 249. *Corning* v. *Southland*, 3 Hill, 552. *Gaillard* v. *Smart*, 6 Cowen, 385. *Gorham* v. *Gale*, 7 id., 739. *Averill* v. *Williams*, 4 Denio, 295. *Jenney* v. *Delesdernier*, 20 Maine, 183.

The result from these and other authorities which might be referred to seems to be, that the attorney by virtue of his general retainer has power over the means necessary to secure and collect a claim intrusted to him. And this is necessary for the security of third persons who act upon the faith of such authority. Perhaps no better illustration of the injustice to which such persons might be subjected can be given than that which is furnished by the facts found in this case. The plaintiffs have all advanced their money for the purchase of property which, by the act of the attorney after the attachment, was made to appear free from any lien or claim upon it, and if the defendant could now hold it, they must lose it. If it be said that the defendant must lose to the same extent if the

plaintiffs do not, the answer is that it is more equitable that the loss should fall upon one whose agent has caused it, than upon those who have been in no manner instrumental, either directly or indirectly, in producing it.

We advise the superior court to grant the relief prayed for.

In this opinion the other judges concurred.