W. G. JOYNER, Respondent, v. E. L. BENTLEY, Appellant.

Kansas City Court of Appeals, February 15, 1886.

TENDER—TO WHAT CASES APPLICABLE—CONSTRUCTION OF SECTIONS 2922, 2923, 2924, REVISED STATUTES.—At common law a *tender* could be made and pleaded where the demand was in the nature of a debt, when the sum was either certain or capable of being made certain by mere computation; but it was not allowed when the action was for unliquidated damages, the amount of which was to be determined by the exercise of discretion by a jury. The rule has not been changed by statute in this state except to allow a tender *after* action *brought* (sections 2922, 2923, 2924, Revised Statutes), and these sections are only applicable to justice's courts.

APPEAL from Dallas Circuit Court, HON. BEN. V. ALTON, Judge.

*Affirmed.*

Statement of case by the court.

This suit was begun before a justice of the peace for the recovery of damages on account of the sale of diseased hogs by defendant to plaintiff. At the time of the service of the summons upon him, the defendant paid to the constable, who made said service, all costs then accrued, together with thirteen dollars, directing the constable to pay the same to the plaintiff. The plaintiff refused to accept the sum of thirteen dollars thus paid to the constable. Upon a trial before the justice the defendant had judgment. The plaintiff appealed to the circuit court. Upon a trial *de novo* in that court the plaintiff obtained a judgment for the sum of five dollars and fifty cents, together with costs.

The defendant then filed his motion to re-tax the costs, except the eight-five cents first accrued, alleging, as a reason therefor, the payment of the thirteen dollars with the costs then accrued to the constable after the

commencement of the suit and the plaintiff's failure to recover a greater amount than the sum so paid.

The court overruled the motion.

THOMAS M. BROWN, JOHN S. HAYNES, for the appellant.

I. The court erred in overruling defendant's motion to re-tax costs. It should have sustained said motion. Defendant paid the officer serving the summons all the costs then accrued, and a greater amount of money, with instructions to pay the same over to plaintiff, than he afterwards recovered judgment for. Rev. Stat. Sect. 2924; *Henry v. Lowe*, 73 Mo. 96.

W. G. ROBERTSON, W. P. PORTER, for the respondent.

I. The verdict and judgment for plaintiff was for damage for the fraud and deceit practiced on him by defendant; the sale of diseased animals and meats is a fraud. Cooley on Torts, 479.

II. Section 2924, Revised Statutes, does not apply to actions for *unliqiuidated* damages and was never intended to be so perverted. The verdict in this case was for unliquidated damages. The case of *Henry v. Lowe* (73 Mo. 96), was tried on a count for trespass and is neither parallel nor applicable to the case at bar.

III. A set-off cannot be set up when the claim of *either* side is for unliquidated damages. *State v. Modrel,* 15 Mo. 421; *Johnson v. Jones*, 16 Mo. 494; *Mahan v. Ross*, 18 Mo. 121. Nor can *tender* a be pleaded or allowed when the action is for unliquidated damages. 2 Sedgwick on Measure of Damages (7 Ed.) 618, *side p. 580.*

HALL, J.—The question in this case is, did the defendant have the right to make a tender in this case, a case of tort for unliquidated damages?

At common law a tender could be made and pleaded where the demand was in the nature of a debt, when the sum was either certain or capable of being made certain by mere computation; but it was not allowed

when the action was for unliquidated damages, the amount of which was to be determined by the exercise of discretion by a jury. Sedgwick on the Measure of Damages, 580. Whether the defendant had or had not the right to make the tender in this case is made, them, to depend upon our statutes.

The sections of our statutes bearing upon this question are sections 2922, 2923 and 2924, Revised Statutes. They appeared in our statutes for the first time in 1855. In the revision of 1855 they are sections seventeen, eighteen and nineteen of chaper ninety and are marked as new sections. They are to be construed together. They are confined in their application to justices' courts.

Section 2922 provides that, "in all actions where, before suit brought, tender shall be made and full payment offered, by discount or otherwise, in such specie as the party, by contract or agreement ought to do, and the party to whom such tender shall be made doth refuse the same    *    *    *."

Section 2923 provides that, "where tender and no deposit shall be made, as provided in the preceding section, the tender shall only have the effect in law    *    *    *."

Section 2924 provides that, "if, at any time after the commencement of suit, the defendant pay to the constable the full amount which he owes the plaintiff up to that time, together with all costs then accrued, and the suit be not discontinued, but be further prosecuted    *    *    *."

It must be conceded that the "suit," in which after the "commencement" thereof, a tender is authorized by section 2924, can only be such suit as in which before brought a tender is authorized by section 2922; and that, if the defendant could not have legally made a tender in the present action before its institution, he could not have done so after its institution.

In Illinois there was a statute which provided that, "in all cases when a tender shall be made and full payment be offered, by discount or otherwise, as the party

by contract or agreement ought to do, and the party to whom such tender shall be made doth refuse    *    *    *." In construing said statute the supreme court of that state said: "It will be observed that the thirty-eighth section of our practice act only provides for a tender of money, or goods, due on contract, and not for damages growing out of a tort or breach of contract." *Cilley et al. v. Hawkins*, 48 Ill. 312. And to the same effect is *Gregory v. Wells*, 62 Ill. 232.

Under section 2922 a tender could not have been made prior to the institution of this action.

But if section 2924 stood alone and by itself, or is to be construed as though it did so stand, I do not think that by its provisions a tender was authorized in this action. In Vermont there was a statute which provided, "at any time after the commencement of any civil action, to three days before the sitting of the court, if such action is brought before the county court, or to twenty-four hours before the time of trial, if before a justice, the defendant may tender to the plaintiff    *    *    *."

In construing that statute the supreme court of that state said: " The statute, under which tender was pleaded, was not, as we think, intended to extend the right of making a tender to other actions than those in which a tender might be made at common law ; but the object of it was to allow a tender after action brought, which, without the statute, could not be made. There seems to be no doubt in regard to the principle, upon which a tender is allowable at common law. It may be made in all cases, where the demand is in the nature of a debt, where the sum due is either certain, or is capable of being made certain by mere computation ; but is not allowed, where the action is for unliquidated damages, the amount of which is to be determined by the exercise of discretion by a jury." *Green v. Shurtliff et al.*, 19 Vt. 596. And see, also, *Hart v. Skinner*, 16 Vt. 143.

Under our statutes the defendant did not have the right to make a tender in this action. Judgment affirmed. All concur.