Davis v. Hall.

———

DAVIS, *Plaintiff in Error*, v. HALL *et al.*

1. **Attorney and Client**: RIGHT OF ATTORNEY TO DISMISS SUIT. Under 2 Wagner's Statutes, page 1061, section 23, plaintiff's authorized agent or attorney may dismiss his suit in vacation with the same effect as could the plaintiff were he before the clerk in person.

2.  ——— : ———. An attorney, merely from his employment as such, has no right to compromise the claim or debt of his client. But his authority, by virtue of his employment, extends to the conduct and management of the cause in which he is engaged, in and out of court, and he may do all things incidental to the prose cution of the suit, and which affect the remedy only and not the cause of action, and may dismiss a suit without special authority.

8.  Dismissal of Suit : REMEDY. The dismissal of a suit does not affect the cause of action at all, but only the remedy.

4.  ——— :· LIS PENDENS. The dismissal of a suit puts the parties out of court and the entry of the clerk is sufficient evidence of the fact; and the *lis pendens* created by filing an abstract of an attachment ends with the dismissal of the suit.

*Error to Barton Circuit Court.*—HON. CHAS. G. BURTON, Judge.

AFFIRMED.

*Robinson & Harkless* and *William Thompson* for plaintiff in error.

(1)  Under our statute the power of an attorney at law is limited to authority to prosecute and defend a suit. R. S., sec. 3564. And the statute limits the power of dismissal in vacation to the plaintiff only R. S., sec. 3724. The unauthorized dismissal of the attorney is void in all cases where the right and not the remedy of the plaintiff is dismissed. *Quarles v. Porter,* 12 Mo. 76 ; *Barsdale v. Appleberry,* 23 Mo. 389 ; *Hoker v. Parker,* 7 Cran. 436 ; *Quin's Adm'r v. Lloyd,* 36 Howard's Prac. 378 ; *Semple v. Atkinson,* 64 Mo. 504 ; An attorney has no authority, arising from his employment in that capacity, to compromise the claim of his client ; such authority, whenever it exists at all, does so by reason of the client specially and expressly conferring on the attorney the power to effect the compromise in the given case. *Messick v. Ledergerber,* 56 Mo. 465 ; *Smith's Heirs v.*

Davis v. Hall.

*Dixon*, 3 Met. [Ky.] 438 ; *Dollar Bank v. Robt*, 4 Brew. [Pa.] 106 ; *Walden v. Bolton*, 55 Mo. 405. An attorney has no power to enter a *retraxit*. *Lambert v. Sanford*, 18 Am. Dec. 149 ; 16 Am. Dec. 506. All persons are bound to take notice of the authority of attorneys at law. 1 Wait's Act. & Def. 231 ; 1 Wait's Act. & Def. p. 226, sec. 4 ; Wade on Notice, secs. 658–659–669. A principal is not bound when the agent exceeds his authority. *Wheeler v. Givens*, 65 Mo. 89. The knowledge of the attorney implicated is not to be attributed to his client. Bigelow on Fraud, 292–293. (2) In the dismissal of cases in vacation, the law requires no record thereof to be kept by the clerk. *Shoutz v. Baker*, 7 Mo. 350. It is the judgments, rules, orders and other proceedings of the court which he is required to keep ; and hence no record of dismissal by clerk in vacation could protect purchaser, for it is no record. R. S., sec. 627. The mere statement of the clerk in vacation that the cause is dismissed is no evidence of the fact, although it may be made on some book he calls a record ; he has no authority to make or keep such a record, and it is no protection for or against any party, but is a mere statement, having no other or greater force than if the clerk had made a verbal statement, or written a letter, to the effect that the case was dismissed, and persons and parties are chargeable with these facts, and if it turns out that the case was not dismissed they cannot complain. Bigelow on Fraud, 301 ; Wade on Notice. Who says the case was dismissed ? Not plaintiff ! Nor plaintiff's attorney ! No stipulation for dismissal is filed by plaintiff, nor even by his attorney ; simply, the clerk says in vacation that plaintiff's attorney says it is dismissed, and such a record of a clerk in vacation is merely a hearsay statement made by him, which the court found at the next term was not true. *Seymour v. Haines*, 104 Ill. 557.

*Harding & Buller* for defendants in error.

(1) An attorney at law has authority, by virtue of his employment as such, to release an attachment on real estate. *Moulton v. Booker*, 115 Mass. 36 ; *Monson v. Hawley*, 30 Conn. 51. The attorney of record has exclusive control over the suit and may dismiss an attachment therein, and the client cannot dismiss it. 1 Wait's Actions and Defences, p. 437, sec. 5 ; *McConnel v. Brown*, 40 Ind. 384 ; *Mott v. Foster*, 45 Cal. 72. The attorney is the agent of the party employing him, and in the court stands in his stead, and any act of the attorney must necessarily be considered the act of his client. *Gehrke v. Jod*, 59 Mo. 522 ; *Ridgeley v. Steamer Reindeer*, 27 Mo. 442 ; *Austin v. Nelson*, 11 Mo. 192 ; *Kirby v. Chadwell*, 10 Mo. 392 ; *Field v. Matson*, 8 Mo. 686 ; *Jenney v. Delesdernier*, 20 Maine, 183 ; *Linfield v. Baldwin*, 12 Pick. 388 ; *Gaillard v. Smart*, 6 Conn. 385. The statute in force April 27, 1877, said : " The plaintiff in any suit in any court of record may dismiss such suit in the vacation of the court upon the payment of all the costs that may have been accrued therein." 2 W. S., p. 1061, sec. 23. The dismissal of a suit by the plaintiff before the clerk in vacation is a valid and effectual determination and disposition of the cause. *Shoults v. Baker*, 7 Mo. 350. The attorney of record can control the remedy but not the right. He may dismiss the suit, or enter into any stipulation as to its conduct, or as to any of its collateral incidents. He cannot bar the right of action of his client by a compromise or by a *retraxit*. But in case of a mere dismissal, whether predicated upon an attempted compromise, or for any other cause, the client can bring a new suit. *Tippack v. Bryant*, 63 Mo. 580 ; *Grumley v. Webb*, 48 Mo. 562 ; *Railroad v. Stephens*, 36 Mo. 155 ; *Gaillard v. Smart*, 6 Conn. 385 ; 15 Vt. 314 ; 2 Story, 392. Even

a compromise entered into by an attorney will be upheld if it is fair. *Holker v. Parker*, 7 Cranch, 436. (2) The reinstating of an attachment suit does not necessarily reinstate the attachment. That is a mere incident or appendage of the suit. R. S., sec. 410; *Fechheimer v. Hays*, 11 Ind. 478 ; *Furman v. Walters*, 13 How. [N. Y.] 348. It is a mere lien, and a lien once lost is gone forever, and is the same as if it had never existed. 4 Wait's Prac. 328; *Pharis v. Leachman*, 20 Ala. 662 ; *Branch Bank v. Lane*, 13 Ala. 431. Defendants were intervening incumbrancers and were entitled to notice of the motion to reinstate, and not having been notified it is the same, as to them, as if the suit never had been reinstated. *Fisher v. Lewis*, 69 Mo. 629 ; *George v. Middaugh*, 62 Mo. 549. A motion filed with the clerk in vacation does not constitute a *lis pendens*. *Underwood v. Dollins*, 47 Mo. 259. If the plaintiff wanted to bind intervening incumbrancers on the ground of fraud, he should have filed a bill in equity, or a motion in the nature of such bill, and served due notice on them. *Tippack v. Bryant*, 63 Mo. 583. The case stands, as to these defendants, just as if it had been dismissed at one term of the court and been reinstated at the next upon mere motion without notice. The reinstating proceedings were nullities, as to them. *Danforth v. Lane*, 53 Mo. 217. And the court found that defendants' grantors had no actual notice.

BLACK, J.—This is an action of ejectment for one hundred and sixty acres of land in Jasper county. Both parties claim title from Thomas F. Phillips, the plaintiff by a sheriff's deed and the defendants under a deed of trust and trustee's deed. The plaintiff in this case commenced a suit in the common pleas court of Jasper county, in 1876, against Phillips and others, and attached the land in question. The venue of the cause was changed to the Newton county circuit court. After

the cause had reached that court, and in the vacation thereof, the plaintiff's attorney paid the costs and caused the clerk to make an entry dismissing the suit; this was done on the twenty-seventh of April, 1877. On the twenty-second of May, and in the vacation of the court, the plaintiff filed a motion to reinstate the cause, but gave the defendants in that suit no notice of the filing of the same. The court at the following term sustained the motion, and the plaintiff finally recovered judgment against the defendants, under which he sold and purchased the land and received the sheriff's deed before mentioned.

After the attachment suit had been dismissed, and before the motion to reinstate had been filed, Phillips applied for and received of Mrs. Clark a loan of eight hundred dollars on the land. Abstracts showing a dismissal of the attachment suit were furnished her, but the deed of trust securing the loan bears date the first of June, 1877, some ten days after the filing of the motion. There is evidence that the attorney's authority was only that which he had by virtue of his engagement to commence and prosecute the suit. On the other hand there is evidence that several suits were pending between the parties to the attachment suit, and that plaintiff instructed the attorney to settle them, which he did on fair terms to plaintiff, and in compliance with that settlement dismissed the attachment suit.

1. For the appellant it is insisted that the plaintiff alone can dismiss his suit in vacation, under section 23, page 1061, 2 Wagner's Statutes. The statute says the plaintiff in any suit in any court of record may dismiss the suit in vacation upon payment of all costs. No good reason is assigned for the construction of the statute here contended for, nor do we believe any can be given. The plaintiff's authorized agent or attorney may dismiss the suit with the same effect as could the plaintiff if he were before the clerk in person.

2.   The trial court probably found as a fact that the attorney had special authority to settle the various suits and to dismiss the one in question; but under the instructions given and refused we must consider the extent of his power as if no such special authority had been given.   It has been repeatedly ruled by this court that an attorney, merely from his employment as such, has no right to compromise the debt or claim of his client (64 Mo. 506 ; 56 Mo. 465 ; 55 Mo. 405); still the authority of the attorney in virtue of his employment extends to the conduct and management of the cause in which he is engaged, in and out of court; and he may do all things incidental to the prosecution of the suit, and which affect the remedy only and not the cause of action.   He has authority to agree that the suit in which he is employed shall abide the judgment in another suit, the facts being the same, and the plaintiff being the same in the several suits.   *Railroad v. Stephens,* 36 Mo. 150.   He may stipulate that the other party may take judgment on a verdict then rendered without further notice.   *Barlow v. Steel,* 65 Mo. 611.   Elesewhere it is held he may discontinue a suit (*Gaillord v. Smart,* 6 Cow. 385) ; and release and discharge property from the lien of an attachment.   *Monson v. Hawley,* 30 Conn. 51; *Moulton v. Bowker,* 115 Mass. 36.   The dismissal did not affect the cause of action at all, but only the remedy.   It follows, from the foregoing cases, as well as from the general rule, as before stated, that the attorney had the power to dismiss the suit without special authority therefor.   If there was any abuse of the authority the remedy is against him.   Persons dealing with the property had a right to rely upon his act as being the act of the client.

3.   The dismissal of the suit put the parties out of court, and the entry of the clerk was sufficient evidence of that fact.   The *lis pendens* created by filing an abstract of the attachment in Jasper county ended with

the dismissal of the cause. We do not see how the mere filing of a motion to reinstate with the clerk in vacation, and no notice thereof given to the defendants' could operate as constructive notice to Mrs. Clark. The defendants were not in court until they subsequently appeared to the motion.

We see no reason for disturbing the judgment in this case and it is, therefore, affirmed. All concur, except Brace J., absent.