T. W. ENOS *et al.,* Respondents, v. ST. LOUIS AND SAN FRANCISCO RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 12, 1890.

1. Costs : OFFER TO HAVE JUDGMENT ENTERED : PROOF OF SERVICE : PAROL EVIDENCE. To justify an order of the court taxing costs against a successful plaintiff on the ground that defendant had offered in writing to let judgment go for a greater amount than that recovered on the trial, it must be shown that such offer was made in writing, and that such written offer was served on plaintiff must be shown to the satisfaction of the court, just as any other fact is proved, and an affidavit of the service of such notice is not conclusive, and oral evidence is admissible to contradict such affidavit.

2. ———— : ———— : SERVICE ON ALL THE PLAINTIFFS. The service of such written notice to let judgment go, is a condition precedent to defendant's right to have the costs taxed against the plaintiff, and, where there are several plaintiffs, the service must be on all of them, and service on one will not justify the order.

3. ———— : ———— : ATTORNEY AND CLIENT. The fact that plaintiffs' attorney well knew of such offer of compromise has nothing to do with the merits of the controversy ; and even service on the attorney would be nugatory.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*E. D. Kenna* and *Adiel Sherwood*, for appellant.

( 1 )  The proof of service upon the notice is conclusive, and cannot be contradicted by oral evidence. It occupies exactly the same position as a return upon a subpœna or summons.  R. S. 1889, sec. 8938; R. S. 1889, sec. 2019; *Phillips v. Evans*, 62 Mo. 17; *Putnam v. Man*, 3 Wend. 202; *Wheeler v. Lampman*, 14 Johns. 481; *Hallowell v. Page*, 24 Mo. 590; 2 Salk. 601; *Stewart v. Stringer*, 41 Mo. 400; *Delinger v. Higgins*, 26 Mo. 180.  The only exception to this salutary rule is where the facts constituting lawful service do not appear with all reasonable certainty, then the return is only *prima facie* correct, and may be impeached by competent proof.  *Heath v. Railroad*, 83 Mo. 617. ( 2 )  Conceding, for the sake of argument, that the return of service of the notice is not conclusive, and could be contradicted by oral evidence, still the service was sufficient within the terms of section 2191, Revised Statutes, 1889; for all the evidence showed that the notice was served.  *Smith v. Ponath*, 17 Mo. App. 262; R. S. 1889, sec. 2036; *Masterson v. Homberg*, 29 Kan. 106.  ( 3 )  The motion to tax against plaintiffs costs which accrued after the date of the service of the notice by defendant is the proper motion in this behalf.  In fact, there is no other way to obtain the benefits of the statute.  Service upon an attorney has been held sufficient; why is it not good served upon the party himself?  R. S. 1889, sec. 2191; *Mann v. Warner*, 22 Mo. App. *loc. cit.* 579 and 581; *Railroad v. Beebe*, 38 Kan. *loc. cit.* 429; *Clippenger v. Ingram*, 17 Kan. *loc. cit.* 588; *Masterson v. Homberg*, 29 Kan. *loc. cit.* 107; *Vose v. McGuire*, 26 Mo. App. 452; *Spaulding v. Warner*, 57 Vt. 654.  ( 4 )  The question of actual notice is a question of fact, and it is to be determined like any other fact.  The plaintiffs knew of the offer to let judgment go.  Whether served or not, as the statute requires, defendant is entitled to its costs after the

time they knew of the offer. *Muldrow v. Robinson*, 58 Mo. 331; *Eyerman v. Bank*, 13 Mo. App. 289; *Masterson v. Homberg*, 29 Kan. *loc. cit.* 107. (5) Service upon one of the owners of the hay was service upon the other. (6) Plaintiff failed to accept the offer made by defendant, insisted on trial and recovered a less sum than the amount tendered. They must pay the costs since the tender was made. *The Rossend Castle*, 30 Fed. Rep. 462; *Railroad v. Beebe*, 38 Kan. 427; *Masterson v. Homberg*, 29 Kan. 106.

*McReynolds & Halliburton*, for respondents.

(1) The notice read in evidence by appellant is not such a one as respondents were bound to take notice of, as it was not entitled in the case T. W. Enos and H. W. Enos, plaintiffs, *v.* Railroad, defendant. *Towner v. Remick*, 19 Mo. App. 209. (2) The affidavit on said notice, made by Wm. Bartlett, does not show any service of said notice upon respondents, especially when taken in connection with his oral testimony. (3) The evidence shows that there was no service or attempted service of said notice upon respondent, H. W. Enos, and the service was not good to bind both or either. R. S. 1889, sec. 2191; *Corneli v. Partridge*, 3 Mo. App. 575; *Ryan v. Kelley*, 9 Mo. App. 396; *Towner· v. Remick*, 19 Mo. App. 209. (4) The evidence of Wm. Bartlett,.who attempted to serve the notice upon the respondents, is that he did not know either of them and that he served the notice by reading and attempting to leave a copy with persons who said their names were T. W. Enos and H. W. Enos. (5) If notice was served on T. W. Enos it would not be service on, or notice to, H. W. Enos. See *Corneli v. Partridge, supra; Ryan v. Kelley, supra; Towner v. Remick, supra.*

GILL, J.—The defendant has appealed from the decision of the circuit court on a motion to tax all costs made in the action after June 10, 1889, for the alleged

reason that on that day (and during the pendency of the action) defendant had offered to have judgment entered against it in the sum of ninety dollars, whereas on a trial subsequently had plaintiffs secured a judgment for sixty-five dollars only. On a trial of the motion an issue of fact was raised and tried, as to whether or not the offer was made as the statute required. The circuit court found this issue in the negative and denied the motion.

I.   The motion is based on section 3658, Revised Statutes, 1879, which reads as follows : "The defendant in any action may, at any time before trial or judgment, serve upon the plaintiff an offer, in writing, to allow judgment to be taken against him for the sum or to the effect therein specified. If the plaintiff accept the offer, and give notice thereof, within ten days, he may file the offer, and an affidavit of notice of acceptance, and judgment shall be entered accordingly. If the notice of acceptance be not given the offer shall be deemed withdrawn, and shall not be given in evidence or commented on before a jury ; and if the plaintiff fail to obtain a more favorable judgment he shall pay the defendant's costs from the time of the offer. Defendant, to prove the offer in this section provided, introduced the affidavit of one Bartlett, which stated that he served the written offer on each of the plaintiffs, T. W. Enos and H. W. Enos, by reading and tendering a true copy thereof to each of said plaintiffs, they refusing to accept the same. Thereupon plaintiffs proposed by oral evidence to contradict such service of a written offer, and defendant objected, taking the ground that the affidavit of service was conclusive against the plaintiffs and could not be contradicted. The court overruled the objection, and the action of the court is assigned for error.

We have been unable to discover any rule of law, statutory or otherwise, tending, in the remotest degree,

to sustain defendant's counsel in this contention. Section 8938, Revised Statutes, 1889, cited by counsel, relates to service of *subpoenas*, and not offers of compromise, and even there the return of an *officer*, only, is made conclusive, and the affidavit of service by a private person in such case is only made *evidence* tending to show service. And the cases cited are equally foreign to the point here. For example the case of *Hallowell v. Page*, 24 Mo. 590, decides simply that a *sheriff's* return of process, regular on its face, is conclusive upon the parties to the suit, the truth of which can only be controverted in an action against the sheriff for a false return. In the case at bar, to justify the order of the court in taxing costs against the plaintiffs, it must be shown that defendant made the offer in writing to let judgment go ; and that this written offer was served on the plaintiffs must be shown to the satisfaction of the court, just as any other fact is proved. Were it otherwise, and plaintiffs were concluded by such affidavits, grievous outrages might thereby be done through the instrumentality of reckless affidavits from irresponsible and corruptly inclined third parties. The matter is quite different where the litigant, in case of alleged service by an officer, may have recourse on the official bond.

II. The plaintiffs, T. W. Enos and H. W. Enos, are father and son, and as coplaintiffs were jointly interested in prosecuting this action against the defendant. The evidence was quite conclusive that on June 10, 1889, the elder Enos had read to him the offer of compromise, while as to the service on the junior Enos the testimony was conflicting, so much so indeed that the court was justified in finding either way. We defer then to the court's finding, and concede as to one of the plaintiffs ( H. W. Enos ) no offer in writing to permit judgment to go against defendant was served.

Defendant's counsel insists, however, that service on the one was good as to both. We cannot accede to this contention. It was clearly the intention of the legislature, as we think, to require this offer of compromise to be served on all the plaintiffs, before visiting upon them the penalties of the foregoing statute. Where the singular appears the *plural* number should be understood. Hence the statute in this case must read: " The defendant in any action may, at any time before trial or judgment, serve upon the *plaintiffs* an offer in writing," etc. The service of this written offer of judgment is a condition precedent to defendant's right to have his costs taxed against the plaintiffs. *Towner v. Remick*, 19 Mo. App. 205. Where there are several plaintiffs the service of the writing must be on all such, before defendant can rightly claim a judgment so unusual, to-wit, that, while defeated in the action, defendant may yet require the successful plaintiffs to pay the costs of his own making.

III. The same answer applies to the claim that because plaintiffs' attorney, acting for them in the cause, well knew of such offer to compromise, and the same was not accepted, plaintiffs are to be charged with these costs. The attorney's knowledge of such offer has nothing to do with the merits of this controversy: *First.* Because the statute authorizes such costs to be taxed against the plaintiffs, only after an offer *in writing served on the plaintiffs*—not on *plaintiff* or *their agent* or attorney. And, again, service even of the writing on the attorney would be nugatory, since the statute contemplates that the party receiving the offer in writing *may accept* the same, and by producing it in court have judgment entered thereon. An attorney, as such, in the conduct of a case for his client, is not authorized to compromise his client's claim. *Davis v. Hall*, 90 Mo. 665, and cases there cited. Judgment affirmed. All concur.