A. R. LIEURANCE, Respondent, v. JAMES McCOMAS, Appellant.

**Kansas City Court of Appeals, November 5, 1894.**

1. **Justices' Courts:** COSTS: OFFER OF JUDGMENT. Section 6213, Revised Statutes, 1889, permits a defendant in a case of unliquidated damages to offer to let judgment go against him for a certain amount, and, in event of the judgment against him not exceeding that amount, the plaintiff will be liable for all cost subsequent to the service of the offer.

2. **Service:** OFFER OF JUDGMENT. Where a person who is a competent witness offers to deliver to the plaintiff a copy of defendant's offer to let judgment go, and the plaintiff refuses to take it, and says: "I don't want none of your papers," the service is held sufficient.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED (*with directions*).

*John W. Coots* and *J. W. Coburn* for appellant.

(1) Cited Revised Statutes, 1889, sections 6213, 2019, 6148. (2) If a defendant refuses to receive a summons offered him by the officer having the writ for service, the officer may return that he delivered the summons or he may return the facts specifically, and they will be held to be a delivery. *Fuller v. Kenney*, 32 Me. 334; *Norton v. Meader*, 4 Sawy. (U. S.) 603; *Martin v. Raffin*, 21 N. Y. S. 1043.

*Z. S. Collins* and *W. H. Roney* for respondent.

(1) The action was for assault and battery by McComas upon the person of Lieurance, and tender is not pleadable to a claim for unliquidated damages, the amount of which was to be determined by the exercise of discretion by a jury. *Nanson v. Jacob*, 93 Mo. 343; *Joiner v. Bentley*, 21 Mo. App. 26. (2) The offer of judgment authorized by section 6213, Revised Statutes, 1889, applies to such actions only as are provided for in section 6210, of that statute. An offer of judgment under section 6213 can be made only in cases where the action is for the recovery of debt or property. *Joiner v. Bentley*, 21 Mo. App. 26; *Vinegard v. Lynch*, 86 Mo. 684; *Bybee v. Irons*, 33 Mo. App. 659. (3) The costs in this case are taxable in favor of plaintiff, under section 2925, Revised Statutes, 1889, which reads as follows: "Section 2925. In all actions not founded on contract, if the plaintiff recover any damages, he shall recover his costs." "In an action of trespass, assault and battery, if the plaintiff recover damages, he shall recover his costs." *Bragg v. Brooks*, 8 Mo. 40; *Acks v. Ball*, 14 Mo. 395. (4) The notice of offer of judgment was not served in the mode prescribed by law. *Enos v. Railway*, 41 Mo. App. 269; *Hyde v. Goldsby*, 25 Mo. App. 29. There was no offer to read it; no statement of its contents; no delivery. *Carroll v. Goslin*, 2 E. D. Smith, 376; 2 Wait's Law and Practice, p. 68.

ELLISON, J.—This action was instituted before a justice of the peace, wherein plaintiff claimed $250 damages for personal injury inflicted upon him by reason of defendant's assaulting and beating him. After the suit was instituted defendant made a written offer under the provisions of section 6213, Revised

Statutes, 1889, and so notified plaintiff, offering to permit judgment to be entered against him for $6. No acceptance of this offer was made by plaintiff. The case proceeded to trial, resulting in a judgment for defendant. Plaintiff appealed to the circuit court, where, on trial anew, he recovered a judgment for $5. The costs were assessed against defendant; whereupon he filed a motion to retax the costs and to have all such costs as accrued after the service of the notice aforesaid, assessed against the plaintiff. This motion was overruled and defendant has brought the case here. The question presented is the correctness of the court's disposition of the motion to retax costs.

Plaintiff contends that, the action being in tort for unliquidated damages, a tender can not be made, and that the statute is not applicable to a case of such nature. Sections 6210, 6211 and 6212 were construed by this court in the case of *Joiner v. Bentley*, 21 Mo. App. 26, in accordance with the contention now made by plaintiff. But the section under which the written offer of judgment was made in this case (6213) was not construed in that case and we have not been cited to a case in which such section has received consideration. The section reads as follows: "The defendant may, at any time before the jury is sworn or the trial is commenced, serve upon the plaintiff, or file with the justice, an offer in writing to allow judgment to be taken against him for the sum or to the effect therein specified. If the plaintiff accept the offer before the jury is sworn or the trial is commenced, by giving the defendant written notice thereof, or by filing such notice with the justice, judgment shall be entered accordingly, and plaintiff shall recover costs up to the time of receiving notice of such offer." This section was first placed in the revision of 1879, the others referred to have been embraced in the statutes since

1855. Our opinion is that it is of broader significance than the three sections preceding it and that it allows an offer of judgment to be made to the plaintiff in an action wherein unliquidated damages are sought. The reason governing the rule announced in *Joiner v. Bentley, supra,* was that a tender applied only to those cases where there was a debt owing, the amount of which being a matter of calculation. The sections of the statute referred to seemed to have reference to debts owed by a defendant to a plaintiff. But in the section now under discussion, there is no reference to a debt or to anything which may be owing to the plaintiff. The defendant may, in the language of that section, offer "to allow judgment to be taken against him for the sum, or to the effect therein specified." The language seems broad enough to cover any action by one individual against another, wherein a judgment is demanded or claimed for a "sum" of money whether it be liquidated or unliquidated. There is good reason for this construction. The object is to prevent a party from being mulct in unnecessary costs. A defendant may be fully aware that he is technically or nominally liable to a plaintiff in a matter of unliquidated damages. He will, therefore, be aware that he will ultimately have a bill of costs to pay, however small the judgment may be against him. He can not make a tender, since the demand is not a subject of tender, and unless he can protect himself by an offer of judgment, as provided by this statute, he is at the mercy of the plaintiff.

It is, however, a part of plaintiff's case that defendant did not serve him with a written offer. The evidence in substance shows that the paper containing the written offer was taken to plaintiff by Henry Jennings, a competent witness; that Jennings approached him and said to him that there was a paper defendant had sent to him; that he tried to get him to take it and

offered him a copy of it; that plaintiff refused to take it and that Jennings then left the offer on a sled by which plaintiff was standing at the time. Plaintiff himself testified, that "Jennings stepped up to him and started to pull out a paper and said, 'That is a paper I wanted to give you.' I said, 'I don't want none of your papers,' and walked off and did not talk to him any more."

We think that the whole evidence on this branch of the case shows a sufficient service of the offer of judgment. We will therefore reverse the judgment and remand the cause with directions that defendant's motion to retax costs be sustained as to all such costs which accrued after the service of the offer aforesaid. All concur.