GEO. MAXWELL, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 20, 1902.

1. **Costs:** OFFER TO LET JUDGMENT GO: UNLIQUIDATED DAMAGES. An offer to let judgment go. under the provision of section 751, Revised Statutes 1899, may be made in a case of unliquidated damages.

2. ———: ———: SERVICE OF NOTICE: ATTORNEY AND CLIENT. The service upon plaintiff's attorney of an offer to let judgment go for a certain amount, is not proper service and can not affect the plaintiff even though the attorney tell him of the notice. Cases distinguished.

3. ———: ———: ———: ———. Sections 586 and 590, Revised Statutes 1899, do not make valid a service of notice, to let judgment go, on plaintiff's attorney.

4. ———: ANSWER: AMOUNT OF RECOVERY. An answer admitted the defendant's liability and set up that his damage was less than fifty dollars, but offered to let judgment be entered for that sum. The jury returned a verdict for fifty dollars. *Held,* the plaintiff was liable for the costs.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The service of the offer of judgment in this case was sufficient to entitle the defendant to have the costs adjudged against the plaintiff. It was sufficient to serve it upon plaintiff's attorney in charge of the case who communicated the offer to the plaintiff himself, thus enabling him to determine

whether he would accept or not. R. S. 1899, secs. 751, 586, 590; Mann v. Warner, 22 Mo. App. 577; Davis v. Hall, 90 Mo. 659; Lieurance v. McComas, 59 Mo. App. 118; Williams v Railroad, 153 Mo. 487; Wilson v. Railroad, 108 Mo. 588; Musick v. Railroad, 114 Mo. 309; Railroad v. Jones, 54 Mo. App. 529; Railroad v. Swan, 120 Mo. 30. (2) The answer admitted everything necessary to prove to make out plaintiff's cause of action, and also admitted damages to the amount of fifty dollars. Up to this point it was not necessary to have any witnesses, nor to make any proof, nor to incur any costs whatever. The costs were unnecessary and wholly fruitless. The plaintiff insisted on making them but defendant should not be required to pay them. R. S. 1899, sec. 1547.

*M. T. January* for respondent.

Service of offer of judgment on plaintiff's attorney, is not a compliance with section 751, Revised Statutes 1899. Enos v. Railroad, 41 Mo. App. 269; Jaffray v. Claflin, 119 Mo. 117.

ELLISON, J.—Plaintiff sued defendant for damages in the sum of four hundred and fifty-seven dollars alleged to have resulted from defendant's locomotive setting fire on his premises. Defendant made a written offer before the trial to allow judgment to be taken against it for fifty dollars. The offer was not accepted. The trial resulted in a verdict of fifty dollars for plaintiff. Defendant then moved to have its costs, made since the offer, taxed against the plaintiff. The trial court refused the motion and defendant appealed.

The statute (1899) under which the offer was made, reads as follows:

"Sec. 751. The defendant in any action may, at any time before trial or judgment, serve upon the plaintiff an offer in writing to allow judgment to be taken against him for the sum or to the effect therein specified. If the plaintiff accept the offer and give notice thereof within ten days, he

may file the offer and an affidavit of notice of acceptance, and judgment shall be entered accordingly. If the notice of acceptance be not given, the offer shall be deemed withdrawn, and shall not be given in evidence or commented on before a jury; and if the plaintiff fail to obtain a more favorable judgment, he shall pay the defendant's costs from the time of the offer."

I.    We held that though the sum sued for may be unliquidated and not the subject of a tender, as in this case, yet an offer of judgment might be made under that section. Lieurance v. McComas, 59 Mo. App. 118. And there is no objection now made to the offer. The trial court's action in refusing defendant's motion was based on the ground that plaintiff had not been served with the offer. The service was by delivering to plaintiff's attorney who made acknowledgment thereof.

II.    The question, therefore, is, whether service of an offer of judgment under the statute aforesaid made on the plaintiff's attorney, is sufficient? We held in Enos v. Railroad, 41 Mo. App. 269, that it was not sufficient. Defendant urges that what was said on this head in that case was *obiter dicta*. Be that as it may, we are satisfied, on re-examination, that it was correct. An attorney, by reason of his employment in a case, has no authority, as such, to compromise the case. He may dismiss the case, for that may be begun again, and he may do many other things which will bind the client; but he can not do that which will liquidate or compromise the cause of action itself. The offer of judgment contemplated by this statute, if accepted, if not a compromise, is at least an interference with the cause of action, and it may wipe out the cause of action, save a mere nominal sum. So, if the proceeding may all be had with the attorney, the client may find himself ousted of his claim without ever having authorized it.

It will not do to say that notice could be served on the

attorney and that the plaintiff would still be protected by requiring that he make the affidavit of notice of acceptance to be filed with the offer preparatory to taking judgment.   For if the attorney can be served with the offer, he could also carry out the remaining parts of the section.   There would be no reason to hold him competent as a party to be served with the offer, and incompetent for the other matters preceding the judgment.

III.   But it appears that the attorney told plaintiff of having received the offer and that plaintiff thereby knew of it.   That fact can not help the matter, if we are right in the view already stated.   Knowledge is not notice.

We do not consider the cases cited in defendant's brief as applicable.   That of Davis v. Hall, 90 Mo. 659, in the inference to be drawn therefrom is against it.   The point made on the services we held to be good in Lieurance v. McComas, 59 Mo. App. 121, is not applicable.   The service there was on the plaintiff himself.   He refused to take the written offer attempted to be given to him, and said he would not take any paper from the party offering it.   The effect of our holding was that where a party refuses to take the paper offered, it was the same as if he had taken it.

IV.   We are referred to sections 586 and 590, Revised Statutes 1899, requiring notices to "be served on the party, or his attorney," and providing that the "party or his attorney" may indorse his acknowledgment of service of the notice. If we concede that the written offer of judgment is a "notice" as contemplated by those sections, yet it will be seen that the first section restricts the right to serve the attorney by the qualification of, "unless otherwise provided by law."   That is to say, unless otherwise contemplated by the law relating to the particular matter in controversy.   In this case we have endeavored to show that it is otherwise contemplated by the statute relating to this subject.

V.   Defendant takes the further position that regard-

less of an offer of judgment, that considering the admissions in the answer it was entitled to the costs. The answer admitted defendant's liability for the damages occasioned by the fire, but set up that such damages amounted to less than fifty dollars, but offered to let judgment be entered for that sum. The contention is that the contest between the parties was thus narrowed down to a question whether the damage was more than that sum, and that the result was in defendant's favor. We have not been cited to any authority in support of this contention; and we see no reason, under the well-settled rules of law, for allowing it to be found.

The judgment will be affirmed. All concur.