ELY BROWN, Respondent, v. THOMAS COLE, Appellant.

St. Louis Court of Appeals, February 1, 1910.

COSTS: Offer of Judgment: Recovery of Less Amount. Where, in an action for unliquidated damages, defendant served on the attorney of record for plaintiff an offer of judgment under Section 751, Revised Statutes 1899, as amended by Session Laws 1907, p. 121, and plaintiff, refusing to accept the offer, recovered a much less judgment, the costs, after the date of the service of the offer, should have been taxed against him.

Appeal from Montgomery Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*E. Rosenberger & Son* for appellant.

Section 751, R. S. 1899, as amended by the Session Acts of 1907 at page 121, permits a defendant in a case of unliquidated damages to offer to let judgment go against him for a certain amount, and, in the event of

146 App.—45

the judgment against him not exceeding that amount, the plaintiff will be liable for all costs subsequent to the service of the offer. Lieurance v. McComas, 59 Mo. App. 118; Rosenberger v. Harper, 83 Mo. App. 169.

*John M. Barker* for respondent.

GOODE, J.—This is an appeal from an order of the court refusing to tax costs which accrued subsequent to October 7, 1907, in a cause pending in the circuit court. Said case was one for unliquidated damages, and, we think, was in tort for the negligence of the defendant. The petition was filed September 10, 1907, and on October seventh of said year, the defendant caused to be served on the attorney of record for plaintiff an offer to allow plaintiff to take judgment against defendant for the sum of $50.01 and the costs accrued up to that date. The offer said it was made under section 571 of the Revised Statutes of 1899, as amended by an act to be found in the Sessions Acts of 1907, page 121, and which went into force in July of said year. The effect of the amendment of the original section was to permit the offer to be served on either the plaintiff or his attorney of record, instead of on the plaintiff alone as theretofore the law required. The amendment went into effect prior to the service of this offer on the plaintiff. Acceptance of the offer was refused and on the trial plaintiff recovered judgment for one dollar and costs, or much less than the amount for which the writing allowed him to take judgment without a trial. The costs accruing after the date of the service of the offer should have been taxed against the plaintiff. [Boyd v. Carpet Co., 38 Mo. App. 210; Lieurance v. McComas, 59 Mo. App. 118; Rosenberger v. Harper, 83 Mo. App. 169; Maxwell v. Railroad, 91 Mo. App. 582.]

The order will be reversed and the cause remanded with directions to tax up said costs against plaintiff. All concur.