## THE STATE ex rel. CAROLINE E. PONATH v. HUGO MUENCH, Judge, et al.

In Banc, July 20, 1910.

1. **TRUSTEESHIP:** Appointing Successor: Final Judgment. Where the trustee, to whom by the will certain lands have been conveyed to be held by him in trust for certain persons, files a petition in court asking that his resignation be accepted and that his successor be appointed, and the beneficiaries as defendants file their answer admitting the allegations of the petition and joining in its prayer, the court has jurisdiction to accept the trustee's resignation and to appoint a successor and to vest in such successor the title to the property, and that is

State ex rel. v. Muench.

a final disposition of the matters brought to issue therein by the petition and answer.

2. ————: ————: **In Old Case with Same Title.** And where a successor was appointed to said trustee, and afterwards said successor appeared in court and asked to be relieved and that a new trustee be appointed, the court had jurisdiction of the subject-matter of his petition, and the appearance of all the beneficiaries gave it jurisdiction of them; and though such successor gave to his petition the style the petition had in the first case, naming the same persons as plaintiff and defendants, and the case was given the same number on the docket, that was not fatal to either jurisdiction, and the appointment by the court of another successor was valid.

*Held,* by VALLIANT, J., dissenting, that the circuit court has a general jurisdiction of the subject-matter of accepting the resignation of trustees and appointing their successors, but it does not have jurisdiction of a concrete case of that kind unless a petition is filed in court in the way prescribed by law, and it is not legally brought if the petition is filed in a case over which the court has lost jurisdiction, and entitled the same way. The trustee's petition to be relieved and to have his successor appointed was an entirely new suit, calling for new process and a new adjudication, and unless so brought the court acquired no jurisdiction over the subject-matter, and its appointment of a trustee was invalid—though the trustee therein appointed who qualified is answerable as a *de facto* trustee for her acts of administration.

3. ————: ————: ————: **Appearance by Attorney: Estoppel.** And though relator (a beneficiary) appeared by attorney in response to said successor's petition, yet if said successor's resignation was accepted and relator was appointed trustee and accepted such appointment and qualified, she is estopped to deny she was properly in court; and the mere fact that the cause was wrongfully entitled (that is, with the trustee named in the will as plaintiff and the beneficiaries as defendants and was not brought as a new case in the name of the successor or petitioner as plaintiff) cannot furnish a cloak to escape the results of her own acts. Had she appeared in person the decree accepting the trustee's resignation and appointing her as successor would have been valid; and her acceptance of the appointment must be held to be a ratification of her attorney's act in appearing for her.

*Held,* by VALLIANT, J., dissenting, that she is not estopped to deny the validity of the order under which she took possession of the estate, but she is estopped to deny that she took possession and acted as trustee.

State ex rel. v. Muench.

4. **APPEARANCE: By Attorney: Presumption: Collateral Attack.** Where the judgment recites that relator appeared by attorney, the presumption is that, being a regular attorney at law, he appeared by her authority, and it devolves upon her to disprove his authority; and in a collateral attack on the judgment, such as by a writ of prohibition to prohibit the trial court from taking further jurisdiction of the cause, if the lack of the attorney's authority to enter her appearance is not pleaded, it will be presumed that he had such authority.

## Prohibition.

WRIT DENIED.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for relator.

Three terms after the final decree was entered in the case and with none of the defendants in court, October 22, 1902, the court accepted the resignation of the Lincoln Trust Company as trustee and appointed Caroline Bircher trustee. The court had no jurisdiction to enter this order, and the said judgment appointing Caroline Ponath (nee Bircher) trustee, was and is null and void. Henry Boemler could not waive service for the defendants. An attorney at law has no authority to waive service for client of original process. Bradley v. Welch, 100 Mo. 258. An attorney, under ordinary circumstances, has power to acknowledge service of process issued in the cause for which he has been retained, and his written admission of service is binding on his client, with the single exception of the service of the original summons or subpoena against a defendant. In respect to such process, there must be specific authority to make such an admission, or to waive it by entering an appearance for the defendant. 3 Am. and Eng. Ency. Law (2 Ed.), p. 323; Bradley v. Welch, 100 Mo. 258. The defendants were not in court from the date of the decree, February 25, 1902, to the present time, and all the judgments and orders made in said case from February, 1902,

to the present time are null and void. People v. District Court, 26 Colo. 386; Jones v. Brown, 6 N. W. 140; Grove v. Van Duyn, 44 N. J. L. 654; Bingham v. Henrici, 16 Atl. (Pa.) 618; Bassick Co. v. Schoolfield, 10 Colo. 46; Andrews' Stephen's Pleading (2 Ed.), p. 34; Georgia v. Stanton, 6 Wall. 50; Luther v. Burden, 7 How. 1; Fletcher v. Tuttle, 150 Ill. 41; Kerfoot v. People, 51 Ill. App. 409; Dicey v. Reed, 78 Ill. 206; United States v. Arredondo, 6 Pet. 709; People v. Liscomb, 60 N. Y. 559; Reynolds v. Stockton, 140 U. S. 254; Munday v. Vail, 34 N. J. L. 418; Jacobson v. Miller, 41 Mich. 90; Cromwell v. Sac. Co., 94 U. S. 351; Hope v. Blair, 105 Mo. 93; State ex rel. v. Muench, 217 Mo. 124. This case is bottomed on facts the same as the McManus case supra, and on the authority of that case the preliminary order should be made permanent. The suit, commenced in February, 1902, by Espenschied against Bircher et al., was for the sole and only purpose of permitting him to resign as trustee and appoint his successor. No new matter was alleged in the answer of defendants. The defendants, *in propria persona,* admitted the allegations of the petition, and joined in the prayer for relief. No new issue was raised by the pleadings. Hope v. Blair, 105 Mo. 93. The issue made by the pleadings was fully and finally determined on February 25, 1902. None of the defendants was ever properly or legally in court after the entry of the decree in February, 1902.

*Block & Sullivan, B. R. Brewer* and *H. A. & C. R. Hamilton* for respondents.

(1) Relator's motion for judgment upon the respondents' return must be taken to admit all facts well pleaded in the return. State ex rel. v. Elkin, 130 Mo. 103; Wand v. Ryan, 166 Mo. 649; State ex rel. v. Sheppard, 192 Mo. 505. (2) Where a regular attorney at law appears for a defendant, it will be presumed that he had authority to do so even though the ap-

pearance be for a defendant who has not been served with process. Bradley v. Welch, 100 Mo. 268; Weeks on Attorneys, p. 38; Farmers' Bank v. Railroad, 119 Mo. App. 7; Cemetery Assn. v. McCune, 119 Mo. App. 354; Valle v. Picton, 91 Mo. 207; Brown v. Arnold, 131 Fed. 725; Bonnifield v. Thorpe, 71 Fed. 927; Markey v. Railroad, 185 Mo. 350; Savings Union v. Long, 123 Cal. 107; Railroad v. Fox, 56 Neb. 746; Ebel v. Stringer, 73 Neb. 249; Sanders v. Price, 33 S. E. 731; Uehlein v. Burke, 119 Ia. 742; Reynolds v. Fleming, 30 Kan. 114; Osborne v. Bank, 9 Wheat. (U. S.) 739; Bacon v. Mitchell, 14 N. D. 454. (3) The relief prayed for should not be granted, because the record in this case shows that at the time the Mercantile Trust Company was appointed trustee, and at the time the judgment sought to be prohibited was rendered, and at the time the St. Louis Union Trust Company was appointed trustee in succession to the Mercantile Trust Company, the relator and all the other parties whose appearance was necessary had voluntarily entered their appearance in said proceedings. Julian v. The Star, 209 Mo. 94; Rector v. Circuit Court, 1 Mo. 607; Shockley v. Fisher, 21 Mo. App. 556; Farrell's Admr. v. Brennan, 25 Mo. App. 81; State v. Woolery, 39 Mo. 527; Thurman v. James, 48 Mo. 235; Boulware v. Railroad, 79 Mo. 494; Meyer v. Broadwell, 83 Mo. 573; Bankers' Life Assn. v. Shelton, 84 Mo. App. 635; Clark v. Brotherhood, 99 Mo. 687; Fitterling v. Railroad, 79 Mo. 504; Harrison v. Murphy, 160 Mo. App. 466; Bank v. Railroad, 119 Mo. App. 1; Real Estate Co. v. Lindell, 133 Mo. 386; Baisley v. Baisley, 113 Mo. 545; Ivy v. Yency, 129 Mo. 501; Crawford v. Railroad, 171 Mo. 77; Rodney v. Gibbs, 184 Mo. 16; Markey v. Railroad, 185 Mo. 350; Seay v. Sanders, 88 Mo. App. 479; Cook v. Spence, 122 S. W. 340.

GRAVES, J.—This is an original action in prohibition. Relator was formerly Caroline E. Bircher. The original petition was against Hon. Hugo Muench, Judge, and the St. Louis Trust Company, as respondents, but by order of this court other respondents were permitted to come in and defend. In the first place, preliminary order to show cause was granted by one of the judges of this court, and thereafter the order as to the volunteer respondents was made. To this order to show cause all of the respondents made return, whereupon relator moved for judgment on the pleadings and that the preliminary order in prohibition be made permanent. The facts are largely of record and undisputed. These facts when stated obviate an analysis of the petition and answers.

Caroline E. Ponath, formerly Caroline E. Bircher, was one of the beneficiaries of a will made by one Charles A. Bircher. By the terms of such will Fred F. Espenchied and George H. Steinberg were conveyed certain property to be held in trust for the said Caroline E. Bircher (now Ponath) and others. To the February term of the circuit court of the city of St. Louis Fred F. Espenchied filed his petition asking to be relieved of such trust and praying that a new trustee be named. From his petition it appears that George H. Steinberg had theretofore been permitted to resign and he had been made the sole trustee.

Upon the filing of Espenchied's petition each and every party interested, including Caroline E. Bircher (now Ponath), entered their appearance and joined in the prayer of Espenchied to be relieved from the trust. Upon the petition of Espenchied and the answer of the interested parties, the court entered a decree in substance as follows: (1) that Espenchied was relieved from the trust obligations created by the will; (2) the Lincoln Trust Company was designated as his successor; (3) an accounting was required by

Espenchied to his successor; (4) costs were adjudged to be paid by the estate. This judgment was entered on February 25, 1902. This seems to have ended the matter until October 20, 1902, when we find a record entry showing a report from the Lincoln Trust Company and petition to resign. Just following is a decree and judgment which is vital in the present proceeding. On October 22, 1902, the circuit court entered the following decree:

"Now at this day come all of the defendants by their attorney, Henry Boemler, Esq., and the Lincoln Trust Company, heretofore on the 25th day of February, 1902, appointed successor to the plaintiff, Frederick F. Espenchied, in the trust created under the last will and testament of Charles A. Bircher, and said Lincoln Trust Company presents to the court its report of its administration of said trust estate since the date of its appointment, showing an expenditure by it of $127.38 more than the income received by it from the assets of said trust, and that it has incurred in the administration of said trust estate, the sum of $386.60 for court costs and legal services, and requesting that the sum of $200 be allowed it for its services, as trustee herein, and said Lincoln Trust Company also presents to the court its petition for leave to resign said trust, and the court, having heard and duly considered the same, and defendants by their said attorney consenting thereto, doth order, adjudge and decree that said Lincoln Trust Company be, and is hereby relieved of and from the trust in it vested and imposed under the last will and testament of Charles A. Bircher, deceased, and the decree of this court entered February 25, 1902, in this cause, and that said report be and is hereby in all respects approved, and that said Lincoln Trust Company for its services as trustee herein, be and is hereby allowed the sum of $200, and that it have credit against said trust estate of said sum of

$127.38, advanced by it, and $386.60, and that for all of said sums, aggregating $713.98, it have, and there is hereby declared in its favor, a lien against the assets of said trust estate in the hands of its successor; that it turn over to said successor the possession of the real estate described in its said report, and stand discharged.

"And the defendants, beneficiaries of said trust, by their said attorney, also present their petition to the court, praying the appointment of the defendant, Caroline Bircher, as the successor of said Lincoln Trust Company in the trust created under the will of said Charles A. Bircher, deceased, and the decree of this court entered March 2, 1889, mentioned in the petition herein, and the court having duly considered the same, doth order, adjudge and decree that said Caroline Bircher be and is hereby appointed the successor of said Lincoln Trust Company in said trust, and that the title, estate and trust in and to the property described in the petition which was vested in and imposed upon said Lincoln Trust Company under the terms of said will and the decree of this court be and the same is hereby vested in and imposed upon said Caroline Bircher, and that said Caroline Bircher as such trustee, be and is hereby authorized and empowered to do and perform all things which might be done and performed by said Lincoln Trust Company or said Frederick F. Espenchied, under the terms of said will and said decrees of this court, subject, however, to the rights of said Lincoln Trust Company to be reimbursed for its services, expenses and outlays herein, as hereinbefore provided.

"And the court doth further order that before entering upon the performance of the duties of said trust, said Caroline Bircher give bond in the sum of five thousand dollars, with sureties satisfactory to the beneficiaries of said trust to be approved by the court, and that she or her successor herein report to this

court annually on the first Monday of October, the condition of said trust estate, and give an account of her or his administration of the same. It is further ordered and adjudged that the costs of this proceeding be paid out of the said trust estate. Bond of Caroline Bircher, trustee, in sum of five thousand dollars, with the St. Louis Union Trust Company as surety, approved by the court and filed.''

It should be borne in mind that this decree was entered in the old case of Espenchied v. Caroline S. Bircher et al., of which defendants Caroline E. Bircher was one. Under this decree Caroline E. Bircher (now Ponath) qualified and for four years acted as trustee. The case was numbered in the circuit court throughout as No. 23449. At the June term, 1906, on June 15th, Daniel Dillon and B. R. Brewer withdrew as counsel for Caroline E. Ponath (formerly Bircher), and other beneficiaries filed their petition for the removal of the said Caroline E. Bircher (now Ponath) as trustee, and the court made an order to show cause.

June 19, 1906, the parties appeared in court and the hearing of the order to show cause was continued to June 21, 1906.

The next order is on July 2, 1906. At this date the complainants withdrew their petition for removal and Caroline E. Ponath resigned as trustee, and the Mercantile Trust Company was appointed as her successor. This decree, which is important, reads:

''Now at this day come again Caroline S. Bircher, Amelia W. Bircher and Mary A. Henner, by their attorneys, and comes also the trustee herein, Caroline E. Bircher, now Caroline E. Ponath, by her attorney, and thereupon it is ordered by the court that the resignation of said Caroline E. Ponath, as trustee, filed in this cause on the 2d day of July, 1906, be and the same is hereby accepted.

''And it is thereupon ordered, adjudged and decreed by the court that the Mercantile Trust Company

of the city of St. Louis be and is hereby appointed trustee in the place and stead of said Caroline E. Ponath, formerly Caroline E. Bircher; and the court doth further order, adjudge and decree that all the title, power and authority heretofore possessed by and vested in said Caroline E. Ponath (formerly Bircher), as such trustee, be vested and possessed by said Mercantile Trust Company.

"It is further ordered and adjudged by the court that said Caroline E. Ponath (formerly Bircher) forthwith turn over, transfer and deliver to the said successor, Mercantile Trust Company, all property of every kind and description in her hands or under her control as such trustee, and by proper deeds of conveyance forthwith convey and transfer to the said successor all lands and real estate wherever situated now held by her as such trustee, whether the title appears of record in her name as Caroline E. Bircher, or Caroline Bircher, trustee, or in the name of Caroline E. Bircher or Caroline E. Bircher, without the word 'Trustee' being added thereto and that she take proper receipts from the said successor and file the same with her report.

"It is further ordered and adjudged by the court that said retiring trustee file her final account in this court within fifteen days from this date, with receipts and other vouchers for all moneys paid out by her as trustee, and all money and property turned over to her said successor, and upon the approval of her final report, she shall stand discharged as such trustee.

"It is further ordered that the Mercantile Trust Company, successor trustee herein, file in this court on the first day of October and the first day of April of each and every year, during the continuance of this trust, a full itemized report of all money received and all money paid out by it as such trustee, and of the property remaining on hand belonging to said trust estate and the condition thereof."

August 1, 1906, the Mercantile Trust Company filed its written acceptance of the trust. August 13, 1906, it filed a petition for an amendment to the decree appointing it as trustee, and also a petition for an order upon Caroline E. Ponath to require her to turn over property and file vouchers for money expended by her as trustee. It would appear that statements of account were filed by Mrs. Ponath, and the Mercantile Trust Company was given until October 1, 1906, to file objections and exceptions thereto.

September 25, 1906, the Mercantile Trust Company took a further order on its petition theretofore filed, by which the relator, Caroline E. Ponath, was required to turn over and deliver all deeds and title papers conveying real estate to her as trustee, and also all personal property in her hands belonging to said estate, or show cause why the same had not been done at ten o'clock of October 1, 1906, in Division One of said court.

December 22, 1906, the issues raised by the exceptions entered to the report of Caroline E. Ponath were referred to a referee to hear testimony and report his findings to the court.

February 18, 1907, the Mercantile Trust Company filed its resignation as trustee, together with its account of its proceedings as trustee. On the 23d of February, certain of the beneficiaries, the relator not being one of the number, filed a request for the appointment of a trustee. This request was for the appointment of Charles L. Weber. Caroline E. Ponath. as the record shows, opposed this appointment, and on February 25, 1907, the court declined to accept the resignation of the Mercantile Trust Company at that time, and Weber was not appointed.

On March 21, 1907, the first referee named by the court refused to act, and by order of court a new referee was named with the same powers.

On June 25, 1907, there was a judgment and decree by which the exceptions of Caroline E. Ponath to the report of the referee were overruled and the report of the referee confirmed in all things. By this decree and judgment the Mercantile Trust Company was decreed and adjudged to have and recover of Caroline E. Ponath the sum of $2348.60, due the trust estate, together with the costs of reference. Other matters in the decree have reference to amounts due and payable to other beneficiaries from the trustee, and are not material here. On the same date, Caroline E. Ponath filed motion for new trial. August 3, 1908, with all the parties before the court, the Mercantile Trust Company was permitted to resign, and the St. Louis Trust Company was named as its successor.

May 1, 1909, execution was issued against Mrs. Ponath on the judgment aforesaid for the said sum of $2348.60.

September 1, 1909, the preliminary order to show cause was issued by one of the judges of this court in vacation.

The original case in the circuit court of the city of St. Louis was entitled:

"Fred F. Espenchied, Plaintiff,

v.

"Caroline S. Bircher, Mary A. Henner, and George F. Henner, her husband, Louisa E. Henner and Emil E. Henner, her husband, Caroline E. Bircher, Saloma G. MacBride and Henry J. MacBride, her husband, Amelia Bircher and John R. Bircher, Defendants.

"*In the Circuit Court, City of St. Louis, February Term, 1902.*"

The several subsequent orders seem to have been made in that case. The record, excepting the first answer filed, shows the appearance of the several parties by attorneys.

The relator, and the other parties in the lower court, except the trust companies named, are the beneficiaries of the trust created by the will of Charles A. Bircher, deceased. The beneficiaries, excluding relator, join the St. Louis Trust Company and Judge Muench as respondents in this court.

This sufficiently states the purport of the pleadings and therefore the issues involved here.

The point made by relator is that each and every order made after the acceptance of the resignation of Espenchied, and the appointment of the Lincoln Trust Company as trustee, was beyond the jurisdiction of the court, and the circuit judge should be prohibited from further attempting to proceed in the cause.

I. The relator plants her case here upon the opinion of this court in State ex rel. McManus v. Muench, 217 Mo. 124. Up to a certain point the case is very much like the McManus case.

In that case there was a will creating a trust estate. The trustee died. One of the beneficiaries thereupon filed a petition in the circuit court asking for the appointment of a successor in trust. McManus was made a party defendant. The petition asked for relief thus, (1) the appointment of a successor in trust and (2) an order vesting title in such successor. The petition suggested a successor. McManus admitted all facts pleaded as to the necessity of a successor in trust and the vesting of title in him, but took issue upon the propriety of appointing the party suggested by the petitioner. On those issues the matter was heard and the court appointed a trustee and vested title in him. The one appointed, however, was not the one suggested by the petitioner. The court, however, added this clause to its decree: "It is further ordered, adjudged and decreed that this cause shall be retained in this court, as to the plaintiff and defendant, Thomas Ward McManus, and as to said trustee, Matthew Park,

until the further order of this court in respect to all matters connected with the qualifications of said Matthew Park, as trustee, and his administration of said trust.''

Later, the court made an allowance to the trustee for the services of his counsel. Then following this allowance, the trustee caused notice to be served upon McManus and also the petitioner Camille Burrows, that he would on a day named apply to the circuit court for an order to borrow money on the trust estate to pay debts. McManus paid no attention to this notice and made no appearance. Under this application and notice the trial court, acting upon the assumption that by the phrase of its original decree above quoted it had full jurisdiction of the trust estate, made an absolute order of the sale of the property. McManus later asked for an appeal, but this was denied him, and thus his application for a writ of prohibition to this court, which was granted and made permanent. In the opinion, we held that the portion of the decree attempting to hold jurisdiction of the cause for the administration of the trust was beyond the purview of the pleadings, and therefore to that extent was an unwarranted assumption of jurisdiction, and that the steps thereafter taken under and by virtue of such clause of the original judgment was an unwarranted assumption of jurisdiction by the circuit court, and all acts in that behalf were prohibited.

To the case at bar is certainly applicable the following language used in the McManus case: ''It is next argued that the original decree was by consent, and, finally, that no appeal was taken, therefore the decree was effectual to hold the trust estate in administration. But if the chancellor, as we have held, reached out his arm too far and grasped a jurisdiction not within the issues, then that part of the decree outside the issues became *coram non judice* and void. In that view of the case no appeal was necessary, and

the void part of the judgment is subject to collateral attack.''

In the case at bar the original petition avers that by a previous decree of the court had upon the application of George H. Steinberg, the said Steinberg was permitted to resign and the petitioner was made sole trustee. The petitioner, Espenchied, then avers that his business occupations are such as to preclude him from performing the duties entailed by the trust instrument, and asks that he be relieved, and a successor appointed. To this petition which only asked for the acceptance of Espenchied's resignation as trustee, and the appointment of a successor, the beneficiaries of the trust, including relator, filed an answer in words as follows: ''Now at this day come the defendants . . . and enter their appearance to this action and waive the issue of a summons therein and for answer to the petition of the plaintiff therein say that they admit the allegations of the petition and join in the prayer for relief.''

In this answer we have omitted the names of the parties defendant, but they are the relator and the voluntary respondents herein. This answer was signed in person by all parties, and therefore the right of the court by its judgment to relieve Espenchied and appoint his successor is unquestioned. Nor is the judgment entered upon this application questioned. Such judgment, as appears from the abstract thereof, given above, is only to the effect of relieving Espenchied from the duties of trustee, and appointing the Lincoln Trust Company as his successor. The court in that decree did not even undertake to continue its jurisdiction by an order to that effect as in the McManus case. Relator contends that the purpose of that litigation was at an end when the court by its decree accepted Espenchied's resignation and appointed his successor, and the trial court evidently so thought, because it attempted at that time no further jurisdic-

tion. That this judgment was a final disposition of the matters brought to issue by the petition and answer is fully settled in the McManus case, supra, and we think rightfully settled.

And were it not for other matters urged, which we consider in subsequent paragraphs, this case would be determined by the McManus case. Respondents urge that there is a difference between this case and the McManus case, and this question we discuss next.

II. As indicated above the relator contends that the judgment and decree of February 25, 1902, wherein Espenchied was relieved of duty and the Lincoln Trust Company was appointed as his successor was an end to that litigation, and if the McManus case is authority, such is the law. The pleadings therein asked for no more and the judgment granted no more. After the Lincoln Trust Company was appointed, under this decree, it acted under the will creating the trust, and not especially under the decree. The court did not even undertake to assume further control of the estate, if in law it might have so assumed. Under the petition in the McManus case, fully as broad, we held it did not have the right to so assume further jurisdiction. So far there is no trouble. But respondents contend that thereafter the parties all appeared before the court and that the orders and judgment made were and are binding.

It must be conceded that the Lincoln Trust Company, successor to Espenchied, had the same right to apply to the court to be relieved of its trust, as did Espenchied in the first place. It must be further conceded that if it did so apply for relief and the relator was properly in court, then she was bound by the decree therein made. As we take it the point urged in this case is that the matter was raised in the original case and not in a new case, and further that the re-

lator was never served with process, but as the record shows, appeared only through attorney.

We are not impressed with some of the contentions in this regard. It does appear that the Lincoln Trust Company actually filed a petition to be relieved from its position as trustee, and asking for the appointment of a successor. It does appear that relator, and other beneficiaries, only appeared through attorney, and that no additional process was had or served upon them. But it further appears that the beneficiaries interested, through their attorneys, including the relator, asked for the appointment of relator as a successor to the Lincoln Trust Company. In obedience to this request, whether through attorneys or otherwise, the relator was appointed, and after her appointment she qualified and acted. Can she now question the authority of her attorneys in thus entering her appearance? We think not. She accepted the benefits of this decree, acted under it, and is certainly now estopped from questioning it. We take it that the mere informality of docketing the application of the Lincoln Trust Company under the title of the old case is not fatal. The Lincoln Trust Company had the right to file such a petition with reference to the trust estate created by the will. It did file such petition. The relator appeared to such petition by attorney, and afterward accepted the benefits of a decree made therein. To our mind she is estopped from questioning the decree. The court had jurisdiction of the subject-matter, i. e., the application of the Lincoln Trust Company to be released and the appointment of a successor, and if it acquired jurisdiction of the parties, its judgment cannot be questioned. The only question raised as to this decree is that relator was not properly in court. When she accepted the judgment of the court, as she did, it occurs to us that, as to that judgment she is precluded from questioning it. In other words she is estopped by her own acts and ad-

missions. The mere fact of the cause being wrongfully entitled should not furnish a cloak to escape the results of her own act. Had the cause been given 'the new title of Lincoln Trust Company, trustee, v. Caroline E. Ponath et al., there would be no question. The fact that it was entitled as of the old cause, we think does not change the character of the judgment and decree which relator accepted and acted under. The judgment is as if the cause was otherwise entitled. It involved, on the pleadings, the right of the Lincoln Trust Company to resign its trust, and the right of the court to appoint a successor. Counsel for all the beneficiaries asked that Mrs. Ponath be named as successor and this request was granted by the judgment. Mrs. Ponath accepted this trust under this decree, and in so doing must have ratified the act of counsel, if in fact they had not appeared with original authority. As to this decree she can not blow hot and cold. She cannot in a breath deny the authority of the decree and in another accept the benefits thereof.

In 16 Cyc. 795, the rule is thus stated: "Where a party with knowledge of the facts assents to or participates in judicial proceedings without objection, he is bound by such proceedings as against one who has been misled by his conduct." See, also, Hereford v. National Bank of Missouri, 53 Mo. 330.

What we have thus far said is upon the theory that counsel were in fact without authority to represent relator in the beginning. By her act of accepting the judgment and decree, and acting thereunder, she ratified the acts of counsel.

But there is a further question as to the act of counsel, which we take up next.

III. Respondents urge that upon the face of the record it appears that counsel appeared for relator, and that this carries with it the presumption that they acted by authority. It should be noticed that the peti-

tion for the writ of prohibition does not aver that the action of counsel was without authority. No question of this fact is made. The record pleaded for relator shows that the attorney appeared for relator, but the petition for the writ of prohibition does not deny his authority to so appear. As to the attack upon this judgment of the circuit court, this proceeding is a collateral attack. The judgment is attacked upon the ground of what it shows itself and not upon extraneous matters. The judgment recites that relator appeared by attorney, but does not recite that the relator had been served with process. Whilst it should be held that an attorney has no right without specific authority to waive the service of original process in the case (3 Am. and Eng. Ency. Law [2 Ed.], p. 323), yet where a regular attorney at law has appeared in the case and thereby entered the appearance of the party, it will be presumed that he acted with authority, at least until such time as his authority is expressly denied. [Weeks on Attorneys, p. 338; Bradley v. Welch, 100 Mo. 1. c. 268.]

In this case we have no denial of the right of counsel to appear for relator, but in addition we have relator acting under a judgment and decree procured by such attorneys. In Weeks on Attorneys, p. 338, supra, it is said: "And now, although an attorney cannot, without special authority, admit service of jurisdictional process upon his client, yet it has been presumed in collateral proceedings, and on appeal or in error, that a regular attorney at law, who appeared for a defendant, though not served, had authority to do so." This authority was recognized in the Bradley case, and it sounds reasonable.

This being, in effect, a collateral attack upon the circuit court judgment the presumption of authority upon the part of the attorney obtains. So that even if the relator was not estopped by the matters discussed in the preceding paragraph, she is still pre-

cluded under the present pleadings from raising the issue.

In Cemetery Assn. v. McCune, 119 Mo. App. l. c. 354, speaking of attorneys, the court said: "An attorney at law is an officer of the court and is not required to produce a warrant of attorney to show that he is authorized to bring a particular suit or to appear as an attorney in any case pending in the court. His professional obligations raise the presumption that he has such authority. [Valle v. Picton, 91 Mo. 207; Robinson v. Robinson, 32 Mo. App. 88.]"

The Supreme Court of California in the case of S. F. Savings Union v. Long, 123 Cal. l. c. 113, thus puts it: "It is always presumed, until the contrary appears, that an attorney is duly authorized to appear for and represent any parties for whom he assumes to act. This confidence, which underlies all judicial action in this country, rests not only upon a belief in the honor and integrity of the attorney, but upon the fact that he is a sworn officer of the court."

In Uehlein v. Burk, 119 Iowa l. c. 743, that court says: "It is the settled rule in this State that, where attorneys have appeared in an action for a defendant, authority for so doing will be presumed, and that the burden is upon the defendant to show that no such authority in fact existed. [Harshey v. Blackmarr, 20 Iowa 161.]"

Likewise is the rule stated by the Kansas Supreme Court in Reynolds v. Fleming, 30 Kas. 111, whereat it is said: "The authority of an attorney to appear for the party whom he professes to represent, is presumed until the contrary is shown; and it devolves upon the party impeaching the authority to show by positive proof that it is invalid."

The United States Circuit Court of Appeals has passed upon the question in the very recent case of Brown v. Arnold, 131 Fed. 723. The first syllabus properly gives the substance of the holding of the court, and

reads: ''The assumption by an attorney at law of authority within the scope of the ordinary power of a practicing lawyer to act for a party to an action or suit is presumptive proof of actual authority to so act. The power assumed by an attorney at law in the conduct of an action is valid until disproved, not void until proved.''

Other cases might be cited, but the foregoing seem to point out the rule. The judgment in this case recites the appearance of the relator through attorneys, and the presumption is that they acted with authority. Indulging such presumption, the judgment is valid and binding upon relator until such time as she may show the absence of authority of the attorneys to appear for her.

IV. We shall not go into detail on the several succeeding judgments, because what we have just said practically disposes of each one of them. In the judgment appointing the Mercantile Trust Company as successor to Caroline E. Ponath, the appearance of Mrs. Ponath is shown throughout. It is true the decree says that she appeared ''by her attorney,'' but this question we have disposed of in the foregoing paragraph.

It should be held in mind that each succeeding trustee had the right to seek the court for release, as did the original trustee, Espenchied. These successive judgments show that they did seek such release, and in so doing rendered their account. The record shows that Mrs. Ponath in tendering her resignation tendered an account of her stewardship of this estate. This asking to be released of the trusteeship was an act of her own volition. She invoked the jurisdiction of the court, not necessarily in the old Espenchied case, but in the matter of the trust estate created by the will of Charles A. Bircher. When she thus invoked the jurisdiction of the court in that matter, the court be-

came possessed of the cause, irrespective of the old case. The subject-matter was clearly within the jurisdiction and by applying to the court for a release and for an adjudication of her accounting, Mrs. Ponath brought her person within the jurisdiction of the court.

We shall not pursue the matter further. What we have said as to the first judgment applies with equal force to each and every succeeding judgment. It applies to the judgment in which Mrs. Ponath is most interested, i. e., the one wherein exceptions were taken to her accounts, and upon a hearing judgment was entered against her. As suggested above, in the proceeding which resulted in this latter judgment she was one of the movents. In fact she was the movent. It is true that charges had been preferred against her and to these charges she had appeared, but these charges were dismissed, and she then becoming the moving factor tendered her resignation, together with her accounts, and asked an examination of her accounts and a discharge from the trusteeship. Out of this case grew the judgment against her in favor of her successor in trust. She appeared throughout as indicated by the record. She excepted to the referee's report. After judgment she filed motion for new trial. This case is clearly distinguishable from the McManus case. There, McManus, though served with a notice, failed to appear. In the case at bar the application of each succeeding trustee was in fact a new case. The court became possessed of jurisdiction of the subject-matter and the parties, when a trustee filed a petition for release and an accounting and the beneficiaries appeared. Such was successively done with each of the several trustees, and the mere fact that these several petitions were wrongly entitled does not change the contents of the petition nor the relief asked. All things considered we are of opinion that the preliminary rule should be quashed and the permanent writ of prohibi-

tion refused. It is so ordered. All concur, except *Burgess, J.,* not sitting, and *Valliant, J.,* who dissents in separate opinion.

## DISSENTING OPINION.

VALLIANT, J.—I am unable to concur in the conclusions reached in the second, third and fourth paragraphs of the opinion of my learned brother GRAVES in this case. I have no doubt but that on the facts stated Mrs. Ponath is answerable in a proper proceeding for her administration of the trust estate while she was *de facto* trustee. And I do not question the validity of her acts as they may affect innocent third parties while she was so acting. But in my opinion the whole proceedings after February 25, 1902, when the decree was entered accepting the resignation of Espenchied, appointing the Lincoln Trust Company as his successor and requiring him to account to his successor for his trusteeship, was *coram non judice.* If, after that, the Lincoln Trust Company wanted to resign, it could have done so by filing an original suit in the court for that purpose, which suit might have been assigned to that division of the court or to some other. His was an independent suit. The decree in Espenchied's suit exhausted the subject of that suit and the court's jurisdiction over it ended when the term closed. The court could not, even when it held jurisdiction of that case, have ordered an accounting and rendered judgment against Espenchied in favor of his successor for a balance that might have been found due, because there was nothing in the pleadings calling for such judgment; the court did all that it could do under the pleadings in that case, it accepted the resignation of the trustee, appointed his successor and clothed him with authority to demand and require a settlement. When the term closed the book was sealed and could not be again opened.

In the majority opinion, referring to the proceedings subsequent to February 25, 1902, it is said the court had jurisdiction of the subject. If by that is meant that a circuit court has jurisdiction of such subjects, I concur, but if it is meant that this particular circuit court at that time had jurisdiction of this particular subject I do not concur. A court having jurisdiction of such subjects in the abstract can acquire jurisdiction of a particular subject in the concrete only when it is brought to the bar of the court in a way prescribed by law.

Mrs. Ponath's liability to answer for her trusteeship arises not from the so called decree appointing her, but from the fact of her taking possession of the estate and assuming to act as trustee in the management of it. She is not estopped to deny the validity of the order under which she took possession, but she is estopped to deny that she did take possession and did act as trustee. In my opinion the writ of prohibition ought to go.