JOHN C. PARR et al., Respondents, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 4, 1916.

1. ATTORNEY AND CLIENT: Powers of Attorney. An attorney has no implied authority to release or compromise his client's claim or cause of action; but the prevailing rule is, that he has implied authority to confess judgment for his client.

2. ——: ——: Presumptions. The authority of an attorney of record to perform an act for his client is presumed, prima facie at least, and the burden of showing his want of authority rests on

the party who questions it, unless such authority be denied by his client.

3. **COSTS: Offer of Judgment: Powers of Attorney.** The authority of defendant's attorney of record to sign on his behalf a written offer to allow plaintiff to take judgment against him for a certain sum, so as to make plaintiff liable, under Sec. 1965, R. S. 1909, for the costs accruing subsequent to such offer, if he does not recover a larger amount, will be presumed, prima facié at least, and hence if plaintiff seeks to escape the effect of the statute on the ground that the attorney had no authority to make such offer, the burden rests upon him to show such want of authority, unless such authority be denied by defendant.

4. ————: ————: ————. Where a written offer, signed by defendant by his attorney of record, to allow plaintiff to take judgment against defendant for a certain amount, under Sec. 1965, R. S. 1909, is not objected to by plaintiff, at the time of its service on him, on the ground that the attorney had no authority to sign it, he will not, in the event he recovers a smaller amount than the offer, be heard to contend that he is not liable for the costs accruing subsequent to the offer, on the theory that the attorney had no authority to make it, since the offer carried upon its face the presumption that it was authoritatively made and hence plaintiff could not wholly ignore it and thereby frustrate the purpose of the statute.

5. ————: ————: **Form.** A written offer served on plaintiff to allow plaintiff to take judgment against defendant for a certain sum, under Sec. 1965, R. S. 1909, signed by defendant corporation by its attorney of record, *held* sufficient in form.

6. ————: ————: **Motion to Tax Costs: Form.** Where a written offer is served on plaintiff to allow him to take judgment against defendant for a certain sum, under Sec. 1965, R. S. 1909, and he recovers a smaller sum, it is not necessary that a motion filed by defendant, praying that the costs that accrued subsequent to such offer be taxed against plaintiff, specify the items of costs that had so accrued.

Appeal from Montgomery Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*O. M. Spencer, Ball & Ball, Palmer Trimble* and *M. G. Roberts* for appellant.

(1) The written offer of judgment, signed by the Chicago, Burlington & Quincy Railroad Company, by

its attorneys of record, was in due form and was a compliance with the requirements of section 1965, R. S. 1909. As the offer of judgment was for seven hundred and fifty dollars and the plaintiffs thereafter only secured a verdict and judgment for one hundred dollars, the costs accruing from April 20, 1914, when the offer of judgment was served, should have been taxed against the plaintiffs. Section 1965, R. S. 1909. (2) The law presumed that the attorneys whom the court found appeared of record as counsel for defendant in this cause had the right and authority to sign the name of the Chicago, Burlington & Quincy Railroad Company, the defendant herein, to the said offer of judgment. The statutes of Missouri expressly so provide. Section 1728, R. S. 1909; Riley v. O'Kelly, 250 Mo. 647, 662; Kinder v. Pope, 106 Mo. App. 536, 540. (3) The plaintiffs, on the hearing of the motion to tax costs against them, did not introduce any evidence that Spencer or the other attorneys were not authorized to sign the name of the defendant to the offer of judgment and the burden of disproving that Spencer or the other attorneys were not authorized to attach and sign the name of the Chicago, Burlington & Quincy Railroad Company, the defendant in the above entitled cause, to the offer of judgment was upon the plaintiffs. Riley v. O'Kelly, 250 Mo. 647, 662. (4) Under the laws of the State of Missouri, parties may prosecute and defend their own suits in person or by attorney, and it shall not be necessary to file any warrant of attorney to authorize any attorney to appear in any court. The defendant alone is the party who has the right to deny the authority of Spencer and the other attorneys to sign its name, and as long as the defendant is not complaining, certainly the plaintiffs have no right to say that Spencer was not authorized by the Chicago, Burlington & Quincy Railroad Company to attach its name to an offer of judgment. State ex rel. Public Schools, 157 Mo. 535, 557.

*E. P. Rosenberger, J. W. Wilson* and *C. W. Wilson* for respondents.

(1) The offer of compromise or judgment served upon plaintiffs' counsel in this case does not conform to the requirements of the statute. The offer was not made in writing by defendant. Its attorneys of record, as such, had no authority to make the compromise, and the plaintiffs were not bound by such notice served upon their attorney of record. The statute is against common law and common right, and must be strictly and literally complied with. Sec. 1965, R. S. 1909. Enos v. Railroad, 41 Mo. App. 274; Maxwell v. Railroad, 91 Mo. App. 584; Davis v. Hall, 90 Mo. 665; Semple v. Atkinson, 64 Mo. 506; Spears v. Ledergerber, Adm'r, 56 Mo. 466; Melcher v. Exchange Bank, 85 Mo. 371; State v. Clifford, 124 Mo. 498; Roberts v. Nelson, 22 Mo. App. 31; Willard v. Siegel Gas Fixtures Co., 47 Mo. App. 5; Lewis v. Baker, 24 Mo. 685; Bay v. Trusdell, 92 Mo. App. 383; Barton Bros. v. Hunter, 59 Mo. App. 617. (5) The motion of the defendant in question was bad, both in form and substance, and was properly overruled for that reason. It askes the court to tax all costs that had accrued since April 20, 1914, but contains no statement of what the costs were, to enable the court to determine whether they would be proper items to tax against plaintiffs, whereas under this statute, in a case falling within its provisions, the plaintiff is only required to pay the defendant's costs from the time of the offer. R. S. 1909, sec. 1965. The motion contains no bill or statement showing what the costs claimed consisted of, so as to enable the court to determine whether they could be justly taxed against plaintiffs in any event. The motion should have set out specifically the defendant's costs claimed to have accrued since April 20, 1914, so that the court could act intelligently in the matter. It would have been manifestly unjust and improper for the court to have made the general sweeping order asked in the motion, and thus impose upon the plaintiffs the burden of mov-

·ing for a retaxation of costs. It was the clear duty of the defendant to set out the items of cost sought to be taxed against plaintiffs, so that the court could determine the matter definitely and finally. St. Louis Domicile Sav. and L. Assn. v. Augustin, 2 Mo. App. 596; Hazeltine v. Railroad, 39 Mo. App. 439; Tittmann v. Thornton, 53 Mo. App. 515, 516. (3) If it is to be contended that a notice, signed and served by the mere attorney of a defendant, who is prima facie without authority to compromise his client's action, upon the mere attorney of record of the plaintiffs in the case, who is not authorized or empowered to accept or to make a compromise of his client's cause, such a holding would deprive a· nonresident plaintiff of his right to prosecute his claim on equal terms with other litigants, and the statute would be manifestly invalid.

ALLEN, J.—Plaintiff . sued the defendant railroad company for damages in the sum of $2965, alleged to have resulted from the setting out of a fire on his premises by one of defendant's locomotives. Some months prior to the trial defendant served plaintiff's counsel of record with a written offer to allow plaintiff to take judgment for the sum of $750. To this instrument was signed the name of the defendant railroad company by its attorneys of record in the cause. The offer was not accepted. The trial· resulted in a verdict and judgment for plaintiff in the sum of $100. Defendant then moved to have the costs accrued after the making of the offer taxed against the plaintiff. The trial court overruled this motion, and the defendant appealed.

It appears that the trial court overruled the motion ·upon the theory that defendant failed to show authority on the part of its counsel to sign the written offer. There was some attempt to show that the making of the offer was a matter within the authority conferred by defendant upon its counsel, but testimony proffered along this line was for the most part excluded for reasons which need not be here considered.

The statute under which the offer was made, to-wit: Section 1965, Revised Statutes 1909, provides as follows:

"The defendant in any action may, at any time before trial or judgment, serve upon the plaintiff or his attorney of record an offer in writing, to allow judgment to be taken against him for the sum or to the effect therein specified. If the plaintiff accept the offer and give notice thereof within ten days, he may file the offer and an affidavit of notice of acceptance, and judgment shall be entered accordingly. If the notice of acceptance be not given, the offer shall be deemed withdrawn, and shall not be given in evidence or commented on before a jury; and if the plaintiff fail to obtain a more favorable judgment he shall pay the defendant's cost from the time of the offer."

The argument advanced in support of the court's ruling below is that the offer was one of compromise, and that an attorney, by virtue of his employment as such, has no authority to compromise his client's case; that the statute is to be strictly construed, and since the offer must be made by "the defendant" it must appear to have been made either directly by the defendant or by some one clothed with authority to bind it.

It is true that the courts hold that an attorney representing a claimant has, by virtue of his employment, no implied authority to release or compromise his client's claim or cause of action. Among the cases in this State to this effect are: State v. Clifford, 124 Mo. 492, 28 S. W. 5; David v. Hall, 90 Mo. 659, 3 S. W. 382; Melcher v. Exchange Bank, 85 Mo. 362; Semple v. Atkinson, 64 Mo. 504; Bay v. Trusdell, 92 Mo. App. 377; Barton Bros. v. Hunter, 59 Mo. App. 610. But this rule has here no application. The signing of this instrument was not the release or compromise of a claim or cause of action in the hands of defendant's counsel for enforcement. It is true that the statute contemplates that a plaintiff may, if he desires, utilize such an offer as a confession of judgment for the amount therein specified. But the prevailing rule, supported by the great weight of authority, is that

an attorney of record in a cause has implied author-
ity to even confess judgment for his client.  [See
Taylor v. Land & Mortgage Co., 106 Ga. 238; Thomp-
son v. Pershing, 86 Ind. 303; Wood v. Wood, 59 Ark.
441, 28 L. R. A. 157, 27 S. W. 641; Garrett v. Hanshue,
53 Ohio St. 482, 35 L. R. S. 321; 4 Cyc, 936; 3 Amer.
& Eng. Ency Law, 368; 2 Ruling Case Law, sec. 71.]

In Scarritt Furniture Company v. Moser & Com-
pany, 48 Mo. App. 543, this court, in an opinion by
THOMPSON, J., held that an attorney of record in a
cause had implied authority to stipulate that the case
should abide the result of other litigation of a like
character, under the control of other counsel, saying:

"An attorney in charge of a case has implied au-
thority from his client to enter into any stipulation
for the control of the progress of the action, even to
the entering of judgment in favor of the opposite
party.  [Thompson v. Pershing, 86 Ind. 304, 310; 1
Thomp. Trials, sec. 191, and cases cited.]"

But aside from this, when an attorney who has ap-
peared for a party litigant, and is an attorney of
record in the cause, performs an act of this character,
his authority so to do is presumed, prima facie at
least; and the burden of showing his want of author-
ity rests upon the party who questions it, unless such
authority is denied by the attorney's client.  [See
State ex rel. v. Muench, 230 Mo. 236, 130 S. W. 282;
Riley v. O'Kelly, 250 Mo. l. c. 662, 157 S. W. 566.]
Such presumption naturally attends the acts of attor-
neys, duly authorized to practice at the bar, and fol-
lows from the confidence reposed in them as sworn
officers of the court and the consequent belief in their
honor and integrity.  Upon this presumption judicial
action is time and again predicated; and any other
course would lead to interminable confusion and dis-
order.

We are unable to conceive upon what theory plain-
tiff, without having raised any question of the author-
ity of defendant's counsel to make this written offer
in defendant's behalf, at the time of the service thereof
or at any time prior to the hearing on the motion, may

ignore it altogether upon the theory that it was not an offer made by defendant as the statute requires. It carried with it, upon its face, the presumption that it was made by the defendant's authority. And assuming, for the sake of argument merely, that plaintiff had any cause to dispute the authority of defendant's counsel, it devolved upon plaintiff to make timely objection to the instrument on this ground. Plaintiff could not wholly ignore the offer thus made, and thereby frustrate the wholesome object and purpose of the statute.

The contention that the written offer is insufficient in form is without merit. The meaning of the statute is that if the plaintiff does not recover an amount in excess of the offer all costs accruing after the date of service of the offer are taxable against him. [See Rosenberger v. Harper, 83 Mo. App. 169; Brown v. Cole, 146 Mo. App. 705, 125 S. W. 537.] And it was not necessary for defendant to specify in the motion the items of cost which had accrued subsequent to the service of the offer. The motion was not one to retax costs. Following the rendition of the verdict and the entry of judgment thereupon, and on the same day, defendant filed this motion, the object of which was to have the costs taxed in accordance with section 1965, supra.

The order of the trial court overruling defendant's said motion is reversed and the cause remanded with directions to that court to reinstate the motion and sustain it. *Reynolds, P. J.,* and *Nortoni, J.,* concur.