# CASES DETERMINED.

---

*(Continued from volume* 199.)

---

ERNEST L. HAFFNER, Appellant, v. FRANK J. TAINTER, Respondent.

**St. Louis Court of Appeals. Opinion Filed July 12, 1918.**

1. **JUDGMENTS: Offer of Judgment: Acceptance of Offer During Trial.** Under section 1965, Revised Statutes 1909, providing that the defendant in any action may, at any time before trial or judgment, serve upon the plaintiff or his attorney of record an offer in writing to allow judgment to be taken against him for the sum or to the effect therein specified, which offer must be accepted within ten days of the notice or deemed withdrawn, the plaintiff may, within the ten-day period, accept an outstanding offer during the progress of the trial, before the cause has been submitted to the jury.

2. ———: ———: **Offer May be Withdrawn.** Where defendant offered to allow plaintiff to take judgment in a specified sum, under Revised Statutes 1909, section 1965, it was defendant's duty to withdraw the offer upon going to trial if he desired to cut off' plaintiff's right to accept it during the progress of the trial.

3. **COSTS: Offer of Judgment: Acceptance of Offer During Trial.** Under Revised Statutes 1909, section 1965, providing that where plaintiff, after failure to accept defendant's offer of judgment, fails to obtain a more favorable judgment, he shall pay the de-

200 M. A.—17.

fendant's cost from the time of the offer, defendant is not entitled to costs, where plaintiff accepted the offer within the required ten days, although not until after trial had begun, and plaintiff had the opportunity of observing all that took place at the trial and of judging therefrom the probability or improbability of obtaining a verdict larger in amount that that named in the offer.

Appeal from the Circuit Court of St. Louis County.—
*Hon. G. A. Wurdeman*, Judge.

REVERSED AND REMANDED (*with directions*).

*Jesse H. Schaper* and *John W. Booth* for appellant.

(1) In an action for damages, or other action at law, under the laws of Missouri, a court cannot render judgment for costs 'against a litigant, unless such judgment be authorized by statute. State ex rel. Buckingham Hotel Co. v. Kimmel, Judge, 183 S. W. 651. (2) One who accepts an offer under the statute (R. S. 1909, sec. 1965) to allow judgment to be taken against him for a sum certain and costs does not thereby subject himself to liability to rendition of judgment against him for costs. Such an offer and acceptance confers no authority upon a judge or court to render judgment for any costs against any person other than the party making the offer. A statutory basis must be found for every judgment for costs in a mere legal action, at least in the State of Missouri. Parr v. Railroad, 194 Mo. App. 416; Lee v. Stern, 22 Mo. 575.

*Theodore C. Bruere* for respondent.

The costs accuring after the date of the service of the offer were properly taxed against the appellant. Section 1965, R. S. 1909, Brown v. Cole, 146 Mo. App. 705; Lieurance v. McComas, 59 Mo. App. 118; Parr v. Railroad, 194 Mo. App. 423.

ALLEN, J.—On November 21, 1914, plaintiff instituted an action against defendant in the circuit court of Gasconade county, to recover damages for the alleged publication by defendant of matter libelous to plaintiff. Thereafter, the cause went on change of venue to St. Louis County where, in due course, it was docketed for trial on June 21, 1915. On June 16, 1915, i. e., five days before the date upon which the cause was set for trial, defendant served plaintiff with a written offer to allow plaintiff to take judgment against him "for the sum of twenty-five dollars ($25) and costs." On June 21, 1915, plaintiff in the meantime having made no response to defendant's said offer, the cause went to trial and the trial continued during the 21st, 22nd, 23d and some portion of the 24th of said month. On the last day of the trial, viz., on June 24, 1915, prior to the submission of the case to the jury, and evidently after all the evidence was in, plaintiff served the defendant with a written acceptance, or notice of acceptance, of defendant's aforesaid offer, and filed the offer together with an affidavit of "notice of acceptance" thereof. Thereupon the court entered a judgment in favor of plaintiff and against the defendant for the sum of $25 and all costs which accrued prior to and including June 16, 1915, and adjudged against plaintiff all costs that accrued subsequent to said last-mentioned date. From this judgment plaintiff, after interposing a motion to set the same aside, which was overruled, appealed to this court.

The statute involved, viz., section 1965, Revised Statutes 1909, is as follows:

"The defendant in any action may, at any time before trial or judgment, serve upon the plaintiff or his attorney of record an offer in writing, to allow judgment to be taken against him for the sum or to the effect therein specified. If the plaintiff accept the offer and give notice thereof within ten days, he may file the offer and an affidavit of notice of acceptance, and judgment

shall be entered accordingly. If the notice of acceptance be not given, the offer shall be deemed withdrawn, and shall not be given in evidence or commented on before a jury; and if the plaintiff fail to obtain a more favorable judgment he shall pay the defendant's cost from the time of the offer.''

While this statute has frequently been before our appellate courts the question involved in this appeal does not appear to have arisen heretofore in any cause which reached an appellate court. A reading of the statute shows that the offer may be served at any time before verdict or judgment, and that if plaintiff accept the offer and give notice of such acceptance within ten days, then, upon the filing of the offer and affidavit of "notice of acceptance," judgment must be entered in accordance with the offer; but in the event that plaintiff does not so accept the offer, then, if he does not attain a more favorable judgment, he is required to pay "the defendant's costs from the time of the offer." This has been construed to mean that in such event plaintiff shall pay all the costs accruing from the time of the offer. [See Parr v. Railroad, 194 Mo. App. 417, l. c. 423, and cases cited, 184 S. W. 1169.]

In the case before us plaintiff undertook to accept defendant's offer after the evidence was in but before the cause was submitted to the jury, this being within the ten-day period. It is quite apparent that the court was in error in entering this judgment. The court, it seems, for the purpose of disposing of the case, treated the offer as having been accepted by plaintiff, and accordingly took the case from the jury and entered the judgment mentioned above; but in adjudging liability as to costs, as a part of the judgment itself, the court treated the offer as having been rejected by plaintiff, and assessed the costs accordingly. Either the offer should have been treated as having been accepted—in which event judgment should have been entered in accordance with its terms—or it should have been treated as rejected by plaintiff, by going to trial, in which event it should have been disregarded entirely.

The crucial question here is whether by proceeding with the trial on June 21st plaintiff should be held to have impliedly rejected the offer, thereby waiving the right to have ten days in which to act upon it. The statute does not in terms cover such a contingency. It may be conceded, *arguendo*, that plaintiff could not have waited until after verdict to accept the offer. Though the statute provides that the offer may be served upon the plaintiff "any time before trial or judgment," where the trial is by jury the question as to what judgment shall be entered in the case is settled and foreclosed by the verdict—unless set aside. But it does not follow that the plaintiff may not, within the ten-day period, accept an outstanding offer during the progress of the trial, and, as here, before the cause has been submitted to the jury. And we are of the opinion that he may lawfully do so. This appears to be the only logical view to take of the matter, keeping in mind the language of the statute as well as the purpose and intendment thereof. In the first place, defendant, by the late service of this offer, did not accord plaintiff a period of ten days in which to accept it prior to the trial. And defendant did not withdraw the offer when the cause went to trail. We know of no reason why such an offer may not be withdrawn, prior to acceptance. Certainly defendant could have withdrawn his offer when the case was called for trial; and we are of the opinion that it was his duty to do so if he desired to cut off plaintiff's right to accept it during the progress of the trial. It is argued for defendant that when the case went to trial the offer was withdrawn by operation of law; but we cannot accede to this view. And were we to regard it as having been thus withdrawn, then there was nothing before the court to warrant a judgment assessing any costs against plaintiff, and the case should have proceeded in its orderly course.

Defendant was in the position of having made an offer which he did not withdraw, and must, therefore, be regarded as a continuing offer to plaintiff to allow the

latter to take judgment in accordance with the terms thereof. In law this outstanding offer, we think, was of as much force and effect as if defendant or his counsel had from day to day or from hour to hour, during the progress of the trial, repeatedly made formal offers to allow plaintiff to take judgment for $25 and accrued costs. And it must follow that plaintiff was within his rights in accepting the offer when he did.

It is true that costs were being incurred all the time during the progress of the trial; but, in our opinion, there is no ground for making any distinction between such costs and any other costs that might be incurred in a case after service of such an offer on the plaintiff and prior to the acceptance thereof within the ten-day period. Defendant, as well as plaintiff, knew that such costs were accruing, and must be held to have known that he ran the risk of becoming liable therefor by plaintiff's acceptance of his outstanding offer.

It is also true that, under the circumstances, plaintiff had the opportunity of observing all that took place at the trial, and of judging therefrom the probability or improbability of obtaining a verdict larger in amount than that named in the offer. But this resulted from the lateness of the service of the offer, coupled with the fact that defendant did not withdraw it but permitted it to remain in effect as a continuing offer.

The question at issue, relating entirely to the assessment or taxation of costs, in one depending wholly upon the effect to be given to the statute. We perceive nothing in the language or manifest intendment of the act to warrant the action of the trial court in assessing a part of the costs against plaintiff after he had accepted defendant's offer.

The judgment will consequently be reversed and the cause remanded with directions to the circuit court to enter judgment for plaintiff for the sum of twenty-

five dollars ($25), with interest thereon, at the rate of six per cent per annum, from June 24, 1915, to the date of the entry of such judgment, and for all costs in the case. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.